977 So.2d 880 (2008)
Darryl SAMAHA, Husband of/and Karman Samaha
v.
David J. RAU, M.D.
No. 2007-C-1726.
Supreme Court of Louisiana.
February 26, 2008.
Blue Williams, Carl Theodore Conrad, Mandeville, for applicant.
Wiedemann & Wiedemann, Karen Wiedemann, for respondent.
Aldric C. Poirier, Jr. and James Vitrano, Mandeville, for amicus curiae, Lakeview Medical Center, L.L.C, d/b/a Lakeview Medical Center and Health Care Indemnity, Inc.
*881 Jerald Lee Perlman, Baton Rouge, Elizabeth Brooks Hollins, Lake Charles, Hon James D. Caldwell, and Jude David Bourque, Baton Rouge, for amicus curiae, State of Louisiana, Division of Risk Management.
TRAYLOR, Justice.
We granted a writ application in this medical malpractice matter to determine whether the court of appeal erred in reversing the district court's ruling granting summary judgment in favor of the defendant doctor. For the reasons that follow, we reverse the judgment of the court of appeal and reinstate the district court's judgment, granting the defendant's motion for summary judgment and dismissing the plaintiffs' claims.

FACTS and PROCEDURAL HISTORY
In October of 1998, Mrs. Karman Samaha was admitted to Terrebonne General Medical Center where, she underwent a left thyroid lobectomy and isthmusectomy performed by Dr. David J. Rau.[1] Claiming that Dr. Rau negligently removed and/or damaged Mrs. Samaha's parathyroid gland during the surgery, and that this condition resulted in hypoparathyroidism and certain complications therefrom, the plaintiffs filed a claim under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41 et seq. The plaintiffs also raised an issue as to whether Mrs. Samaha properly consented to the procedure. On December 2, 2002, a medical review panel unanimously concluded that there was no deviation from the standard of care by Dr. Rau and that there was proper consent. On February 28, 2003, Darryl and Karman Samaha filed a suit for damages against Dr. Rau, making the same allegations against him as presented before the medical review panel.
After participating in discovery, Dr. Rau filed a motion for summary judgment on July 27, 2005, contending that the plaintiffs lacked the necessary expert medical testimony to support their claims against him. In support of his motion for summary judgment, Dr. Rau relied upon a certified copy of the unanimous opinion of the medical review panel, in which the panel found no deviation from the standard of care on the part of Dr. Rau and proper consent; an affidavit of correction to the panel opinion by the attorney chair of the medical review panel; and a copy of the plaintiffs' answers to interrogatories and a request for production of documents.
The plaintiffs opposed the summary judgment motion, arguing they had identified an expert witness in answers to discovery who might testify at trial. In their answers to discovery, the plaintiffs admitted that no written report from this medical expert existed, but asserted instead that the substance of the expert's testimony was orally conveyed to the defendant. The plaintiffs supported their opposition to summary judgment with the same answers to interrogatories and request for production of documents which were relied on by Dr. Rau in support of the motion.
A hearing was held on the motion for summary judgment, after which summary judgment was granted in favor of Dr. Rau, dismissing the plaintiffs' claim. This ruling was appealed by the plaintiffs. The court of appeal reversed the trial court's ruling, finding that Dr. Rau did not properly support his motion for summary judgment with either an affidavit or deposition from an expert medical provider *882 to prove that his medical treatment of Mrs. Samaha was not below the applicable standard of care. The court of appeal held that, by relying solely on a certified copy of the opinion of the medical review panel, Dr. Rau did not meet his initial burden of showing that he was entitled to summary judgment as a matter of law pursuant to La. C.C.P. art. 966. Therefore, according to the appellate court, the burden of proof never shifted to the plaintiffs to require them to show support for their claims pursuant to La. C.C.P. art. 966 C(2).[2] We granted the defendant's writ to review the correctness of this decision.[3]

LAW AND DISCUSSION
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Duncan v. U.S.A.A. Ins. Co., 2006-363 p. 3 (La.11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966.[4] A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter *883 of law. Wright v. Louisiana Power & Light, XXXX-XXXX p. 17 (La.3/9/07), 951 So.2d 1058, 1070; King v. Parish National Bank, XXXX-XXXX p. 7 (La.10/19/04), 885 So.2d 540, 545; Jones v. Estate of Santiago, XXXX-XXXX p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
The parameters of a motion for summary judgment have been described by this court as follows:
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action . . . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In 1997, the legislature enacted La. C.C.P. art. 966 C(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. . . . Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. (Emphasis added; citation omitted)
Wright, XXXX-XXXX p. 16, 951 So.2d at 1069-1070, citing Babin v. Winn-Dixie Louisiana, Inc., 2000-78 (La.6/30/00), 764 So.2d 37, 39-40; see also King, 2004-337 p. 8, 885 So.2d at 545-546; Jones, XXXX-XXXX p. 4, 870 So.2d at 1005-1006; Costello v. Hardy, XXXX-XXXX p. 8-9 (La.1/21/04), 864 So.2d 129, 137-138; Racine v. Moon's Towing, 2001-2837 p. 4-5 (La.5/14/02), 817 So.2d 21, 24-25.
The motion for summary judgment at issue here arose in the context of a suit for medical malpractice. To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection *884 between the breach and the resulting injury. La. R.S. 9:2794. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Pfiffner v. Correct, XXXX-XXXX, XXXX-XXXX, XXXX-XXXX (La.10/17/94), 643 So.2d 1228.
It is uncontested that expert medical testimony would be needed in this case to prove the plaintiffs' claims. The pleadings show that the medical malpractice alleged by the plaintiffs was not of the type which was so egregious that malpractice would be obvious to a lay person. In addition, the plaintiffs admitted in their opposition to the motion for summary judgment, and through counsel at the hearing on the motion for summary judgment, that expert medical testimony would be needed at trial to prove their claim.
Here, Dr. Rau pointed out in his motion for summary judgment that the plaintiffs did not have expert medical testimony to support their claim of medical malpractice. This court has previously held that "[a] fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." Hines v. Garrett, XXXX-XXXX p. 1 (La.6/25/04), 876 So.2d 764, 765. Stated another way, a "material fact" is one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." King, XXXX-XXXX p. 8, 885 So.2d at 546 (internal citation omitted). Thus, the defendant doctor's challenge, pointing out that the plaintiffs did not have expert medical testimony to prove their claim, was dispositive, if unmet, as to the plaintiffs' ability to prevail at trial.
In support of his motion for summary judgment, i.e. in order to point out that the plaintiffs did not have expert medical testimony necessary to prove their claim, Dr. Rau was not required to present expert medical testimony himself. Dr. Rau did not have the burden of disproving medical malpractice, but only raising as the basis for his motion that the plaintiffs could not support their claim. Dr. Rau satisfied his initial burden on summary judgment by filing the motion and attaching the plaintiffs' discovery responses.[5]
This finding is supported by the interpretation of the standard for summary judgment outlined by the federal courts in Celotex Corp. v. Catrett[6] and adopted by *885 our courts.[7] In Celotex Corp., the Supreme Court reaffirmed that the party seeking summary judgment
always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.[8]
However, the Supreme Court found no express or implied requirement in its summary judgment rule "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, [the federal summary judgment provision similar to Art. 966 B], which refers to `the affidavits,' if any (emphasis added) suggests the absence of such a requirement."[9] The Supreme Court continued:
And if there were any doubt about the meaning of [federal summary judgment provision similar to Art. 966 B] in this regard, such doubt is clearly removed by [federal summary judgment provisions similar to Art. 966 A], which provide that claimants and defendants, respectively, may move for summary judgment "with or without supporting affidavits" (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in [federal summary judgment rule similar to Art. 966 B], is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.[10]
Similar to the appellate court's reasoning in this case, the respondent in Celotex Corp. argued that the petitioner did not "support" its motion with affidavits; and that summary judgment was therefore improper. The Supreme Court rejected this reasoning, reiterating that a motion for summary judgment could be made "with or without supporting affidavits."[11] The Supreme Court held:
In cases like this one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and [federal summary judgment provision similar to Art. 966 C(2)] therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers *886 to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."[12]
The Supreme Court explained "the burden on the moving party may be discharged by `showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case."[13] Applying that reasoning to the instant case, Dr. Rau, as the mover in this motion for summary judgment, met his burden  of pointing out to the district court that the plaintiffs would be unable to bear their burden of proof at trial  once he showed that the plaintiffs failed to obtain expert medical testimony to support their claims.
The record shows that the plaintiffs' suit was filed on February 28, 2003. Discovery commenced. On January 2, 2004, Dr. Rau served on the plaintiffs a third set of interrogatories and a request for the production of an expert report, specifically directed toward the issue of the standard of care. After unsuccessful attempts by Dr. Rau to obtain responses from the plaintiffs, Dr. Rau filed a motion to compel responses to discovery on April 12, 2005.[14] A hearing on the motion to compel, originally set for May 6, 2005, was continued and re-set to June 10, 2005. Finally, on June 9, 2005, plaintiffs answered the discovery at issue.
Plaintiffs' answers to the two interrogatories and request for production were attached both in support of Dr. Rau's motion for summary judgment and plaintiffs' opposition to summary judgment. The plaintiffs disclosed, that they "may call" a named doctor from Missouri in support of their claim.[15] As to the substance of this doctor's testimony, the plaintiffs asserted that the named doctor was expected to testify that Dr. Rau's treatment of Mrs. Samaha was below and a deviation from the standard of care of a physician practicing in this area. Further, the plaintiffs asserted that "these opinions were conveyed to plaintiff's counsel verbally."[16] In response to a request for a production of documents, the plaintiffs acknowledged they were not in possession of a written report from this doctor, but would supplement the response when the report was received.[17] The plaintiffs' interrogatory responses were unsworn, in violation of the procedures set forth in La. C.C.P. art. 1458.[18]
The record further shows that, at the time the motion for summary judgment was filed by Dr. Rau, on July 26, 2005, the plaintiffs had not supplemented their responses with a written report of their medical expert witness, despite plaintiffs' counsel's continuing obligation to do so, known to counsel since the service of the interrogatories in January of 2004. The hearing on the motion for summary judgment, initially *887 set for September 9, 2005, was re-set due to the effects of Hurricane Katrina on the office of plaintiffs' counsel.
The hearing on the motion for summary judgment was eventually heard on December 9, 2005. At that time, plaintiffs' counsel asserted that she had not yet obtained an affidavit from the plaintiffs' medical expert and did not believe that she needed to present one in opposition to the motion because Dr. Rau had not provided an affidavit. In addition, and in the event the district court believed an affidavit was necessary, plaintiffs' counsel asked for additional time to obtain an affidavit from the medical expert.
After reviewing the pleadings and the procedural history of the case, the district Judge ruled as follows:
On April 12 of this year, there was a Motion to Compel the responses to those Answers [sic; Interrogatories]. And the Response talks about may call a doctor. There is no other substance, no other affidavit that is attached in connection with this matter. This discovery issue as to the matter of the expert apparently has been pending for some period of time.
Given the evidence that is in the Record and the history of this case, the Court is of the opinion that the Response to the Interrogatories is insufficient. The Motion for Summary Judgment will be granted.[19]
We find the motion for summary judgment was properly granted. The defendant doctor did not bear the burden of proof at trial on the issue of whether he committed medical malpractice. Thus, he was under no burden to present expert medical testimony in support of his motion for summary judgment to negate the plaintiffs' claim. Under the clear provisions of La. C.C.P. art. 966 C(2), once the plaintiffs' lack of proof was claimed, and supported by the plaintiffs' answers to interrogatories pursuant to Art. 967,[20] the burden shifted to the plaintiffs to produce *888 evidence sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial. The plaintiffs' unsworn, indefinite interrogatory responses were insufficient to show that they would have satisfied their evidentiary burden of proof at trial. In addition, and contrary to plaintiffs' counsel's assertion that more time was needed, the record shows that the motion for summary judgment was not premature; discovery had been on-going for years, even prior to the interruption caused by Hurricane Katrina.[21] Consequently, consistent with Art. 966 C(1), there was no material fact genuinely at issue and Dr. Rau was entitled to summary judgment as a matter of law.
Dr. Rau's support for his motion for summary judgment did not end with only the plaintiffs' answers to interrogatories, although they were sufficient in this case to bear his initial burden as movant and to show that the plaintiffs would be unable to satisfy their evidentiary burden of proof at trial. As further support for his motion, Dr. Rau also included certified copies of the medical review panel opinion.
The court of appeal, in reversing the district court's granting of the summary judgment, improperly focused solely on the medical review panel opinion as the support authorized by Art. 966 B for Dr. Rau's summary judgment motion and completely ignored the plaintiffs' discovery responses. The fact that Dr. Rau attached plaintiffs' discovery responses as support for his motion for summary judgment is nowhere mentioned in the court of appeal opinion. In analyzing whether the certified copies of the medical review panel opinion and its correcting affidavit were sufficient to bear Dr. Rau's burden of proof as movant on a summary judgment motion, the court of appeal held:
In this matter, Dr. Rau supported his motion with a certified true copy of the medical review panel opinion (with the correcting affidavit of the attorney chairman). However, the opinion, by law, is not conclusive that Dr. Rau complied with the standard of care required of him.
* * *
Dr. Rau did not properly support his motion for summary judgment with either an affidavit or deposition from an expert medical provider to prove that his medical treatment of Mrs. Samaha was not below the applicable standard of care. Without such evidence, we conclude that Dr. Rau did not meet his initial burden of showing that he was entitled to summary judgment as a matter of law.[22]
In reviewing the court of appeal's analysis, we again reiterate that Dr. Rau, as the defendant in a medical malpractice action, did not bear the burden, on; summary judgment or at trial, of disproving the plaintiffs' claim of medical malpractice. However, his inclusion of the medical review panel opinion does serve as evidence that there was expert medical testimony that Dr. Rau had not failed to act within the appropriate standard of care and, thus, was evidence which tended to negate the plaintiffs' claims. In addition, and considering the procedure for presenting medical malpractice claims in Louisiana, Dr. Rau's inclusion of the opinion of the medical review *889 panel showed that the plaintiffs were precluded from obtaining support from this source in their opposition to summary judgment. Thus, the certified copy of the opinion of the medical review panel was additional evidence which the district court could consider, and the court of appeal should have considered, in making its determination on the appropriateness of summary judgment.
Under the statutory scheme of the Medical Malpractice Act, "all malpractice claims against health care providers covered by this Part, . . . shall be reviewed by a medical review panel established as hereinafter provided for in this Section." La. R.S. 40:1299.47 A(1)(a). No action against a health care provider or his insurer may be commenced in a court of law before the claimant's complaint has been presented to a medical review panel, unless waived by agreement of all the parties. La. R.S. 40:1299.47 B(1)(a)(i) and (c). The medical review panel must, by law, consist of three health care providers who hold unlimited licenses to practice their profession in Louisiana, from the same class and specialty of practice of the health care provider who is the defendant, and one attorney. La. R.S. 40:1299.47 C and C(3)(j). The sole duty of the panel is to express its expert opinion, in writing and signed by the panelists, together with written reasons, as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care. La. R.S. 40:1299.47 G. The law provides that "[a]ny report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought by the claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the medical review panel as a witness." La. R.S. 40:1299.47 H.
The record shows that three certified copies of the medical review panel opinion rendered in this case were attached to Dr. Rau's memorandum in support of his motion for summary judgment. Each of these certified copies was signed by a different doctor on the medical review panel, but all were signed by the attorney panel chairman. In addition, an affidavit signed by the attorney panel chairman was attached. In this affidavit, the attorney panel chairman identified himself as the attorney panel chairman, averred that he prepared the panel opinion signed by the physician members of the panel, identified the panel opinion which he had prepared, averred that there was a clerical error in that panel opinion,[23] and averred that he was correcting that error via affidavit.
In holding that the medical review panel opinion did not serve as conclusive proof regarding the standard of care, the court of appeal correctly referenced the provisions of the medical malpractice act, but failed to properly interpret the statute's meaning. Dr. Rau was not required to present conclusive proof of his compliance with the standard of care on summary judgment; to the contrary, Dr. Rau only had to point out, with support as authorized by Art. 966 B, that the plaintiffs could not satisfy their evidentiary burden of proof at trial. Moreover, in considering the medical malpractice scheme as a whole, we find the provision of La. R.S. 40:1299.47 H, which states that the panel opinion is not "conclusive," means only that the panel opinion, whatever conclusion is reached, does not preclude the subsequent filing of a lawsuit in a court of law. *890 The medical review panel opinion is, however, admissible, expert medical evidence that may be used to support or oppose any subsequent medical malpractice suit. See La. R.S. 40:1299.47 G and H. As with any other expert testimony or evidence, the medical review panel opinion is subject to review and contestation by an opposing view point. The court of appeal misinterpreted the import of La. R.S. 40:1299.47 H.
The court of appeal also erred in imposing a burden of proof on Dr. Rau that was not required by law. Dr. Rau was not required to support his motion for summary judgment with an affidavit, although he could have done so if he chose that method of supporting documentation. See La. C.C.P. art. 966 A(1)[24] and La. C.C.P. art. 966 B.[25]
Insofar as the court of appeal's analysis implied that an affidavit was procedurally necessary under La. C.C.P. art. 967 in order for a court to consider the certified copies of the medical review panel opinion, we find that the court of appeal erred in that respect, also. Art. 967 describes the requirements for affidavits considered on summary judgment and provides in pertinent part that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." (Emphasis added) We have previously held that the inadequacy of an affidavit, or in this case the asserted lack thereof, is a formal defect, which is waived unless the opposing party files a motion to strike or otherwise objects. See Independent Fire Ins. Co. v. Sunbeam Corp., 1999-2181 p. 16 n. 4 (La.2/29/00), 755 So.2d 226, 235 n. 4 ("inadequacy of an affidavit is a formal defect, and the opponent waives the defect unless he or she files a motion to strike or otherwise objects to the affidavit"). In Independent Fire Ins. Co., we stated that "if a party feels an affidavit submitted in support or opposition to a motion for summary judgment [or, as in this case, evidence requiring an affidavit to be properly identified] would be inadmissible at trial, he or she should file a motion to strike." Id. Here, we do not find the statements of plaintiffs' counsel at the hearing on the motion for summary judgment, that she did not file an affidavit because Dr. Rau had not filed an affidavit, to be comparable to a motion to strike or sufficient to raise the issue of an asserted procedural defect.
Moreover, we note that, under the law, each of the three medical voting panelists, before entering upon their duties as a medical review panel member, must take an oath, swearing or affirming as to their identities, that they will faithfully perform the duties of the medical review panel member to the best of their abilities and without partiality or favoritism of any kind, and that they will render a decision in accordance with law and the evidence presented to them. La. R.S. 40:1299.47 C(5). These oaths are required to be attached to the opinion rendered by the panel. Id. Ideally, the oaths of the voting panelist members should accompany the panel opinion and would, with the clear statutory direction of La. R.S. 40:1299.47 *891 H, that the report of the medical review panel "shall be admissible," satisfy the procedural requirements of Art. 967.[26]
Finally, the record shows that the medical review panel opinion in this case was identified by the affidavit of the attorney panel chairman. The affidavit of correction submitted with the medical review panel opinion was sufficient to identify the panel opinion under the requirements of La. C.C.P. art. 967. The affidavit was made on the personal knowledge of the attorney panel chairman, who was the person who drafted the opinion of the medical review panel. The attorney panel chairman also personally signed each of the certified copies which were also signed by the voting medical panelists. The attorney panel chairman identified the panel opinion as the one rendered by the voting medical panelists for this particular file. We note that, by law, the report of the expert opinion reached by the medical review panel is admissible as evidence in any action subsequently brought by the claimant in a court of law. La. R.S. 40:1299.47 H. This undoubtedly includes a summary judgment proceeding in a medical malpractice lawsuit.

CONCLUSION
The district court properly granted summary judgment in favor of the defendant, Dr. Rau, in this medical malpractice suit. In reversing the district court's granting of summary judgment in favor of Dr. Rau, the court of appeal erred in several respects. The court of appeal failed to apply the proper burden of proof in a summary judgment motion. In doing so, the court of appeal failed to mention, or understand the importance of, the plaintiffs' answers to interrogatories which were submitted by Dr. Rau in support of his motion for summary judgment. Dr. Rau bore his burden of proof on the motion for summary judgment in this matter with the support of the interrogatory responses alone. In addition, the court of appeal failed to properly consider the certified copy of the medical review panel opinion submitted by Dr. Rau in support of his motion for summary judgment in the context of a suit for medical malpractice.[27]

DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed, and the judgment of the trial court granting defendant's motion for summary judgment is reinstated.
REVERSED.
NOTES
[1] The plaintiffs in their petition and opposition to the motion for summary judgment allege the date of the surgery was October 27, 1998. The defendant in his answer and motion for summary judgment states that the date of the surgery was October 10, 1998. The actual date of the surgery is not an issue in this case.
[2] Samaha v. Rau, XXXX-XXXX (La.App. 1 Cir. 5/4/07), 961 So.2d 447.
[3] Samaha v. Rau, XXXX-XXXX (La.11/9/07), 967 So.2d 491.
[4] La. C.C.P. art. 966 provides:

Art. 966. Motion for summary judgment; procedure
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
[5] The fact that Dr. Rau attached the plaintiffs' discovery responses, the certified copies of the medical review panel opinion, and the affidavit of correction by the attorney member of the medical review panel to his memorandum in support of summary judgment, and not the motion itself, did not prevent the district court from properly considering these attachments on the merits of the summary judgment. See Aydell v. Sterns, XXXX-XXXX (La.2/26/99), 731 So.2d 189, 189-190. In Aydell, we held that "such a requirement [to attach or adopt by reference and incorporate supporting documentation pursuant to La. C.C.P. art. 967 with the motion for summary judgment] undermines the use of summary judgment procedures to `secure the just, speedy, and inexpensive determination of every action.' La. C.C.P. art. 966 A(2)." As in Aydell, the plaintiffs did not raise the issue of this alleged procedural error. Moreover, the motion, memorandum and supporting documentation pursuant to La. C.C.P. art. 967 were filed simultaneously in the district court.
[6] 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Since the 1996 and 1997 amendments to La. C.C.P. art. 966, which brought our summary judgment procedures more in line with the federal procedure, this court has looked to the Supreme Court's pronouncements in Celotex Corp., for its interpretation of federal summary judgment procedure.
[7] After the 1996 amendments to La. C.C.P. art. 966, the adoption of the federal standard was first recognized in Hayes v. Autin, 1996-287 p. 7 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 695, writ denied, XXXX-XXXX (La.3/14/97), 690 So.2d 41 (by then-Judge, now-Justice Knoll). Section 4 of Acts 1997, No. 483 clearly stated that the purpose of the amendments contained therein was to legislatively overrule all cases inconsistent with Hayes. This court acknowledged the standard of appropriate interpretation in Hardy v. Bowie, 1998-2821 p. 6 (La.9/8/99), 744 So.2d 606, 610.
[8] 477 U.S. at 323, 106 S.Ct. at 2553.
[9] Id.
[10] Id.
[11] 477 U.S. at 324, 106 S.Ct. at 2553.
[12] Id.
[13] 477 U.S. at 325, 106 S.Ct. at 2554.
[14] The record shows that counsel for Dr. Rau had to file an earlier motion to compel in order to obtain discovery responses from plaintiffs' counsel, specifically as that discovery concerned the identity of and substance of the testimony of medical expert witnesses for the plaintiffs.
[15] R. p. 54.
[16] Id.
[17] Id.
[18] La. C.C.P. art. 1458 provides, in pertinent part:

Art. 1458. Interrogatories to parties; procedures for use
"Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. . . . "
[19] R. p. 89.
[20] La. C.C.P. art. 967 provides:

Art. 967. Same; affidavits
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him
C. If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
D. If it appears to the satisfaction of the court at any time that any of the affidavits, presented pursuant to this Article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney fees. Any offending party or attorney may be adjudged guilty of contempt.
[21] Moreover, since the alleged expert witness was in Missouri, he was unaffected by the aftermath of Hurricane Katrina. Thus, there was even less of a reason why an affidavit or report could not have been obtained from him prior to the hearing on the motion for summary judgment.
[22] Samaha, XXXX-XXXX p. 5, 961 So.2d at 450.
[23] In the body of the medical review panel opinion, the attorney panel chairman had placed an incorrect name as that of the plaintiff. However, the title of the file was correct.
[24] La. C.C.P. art. 966 A(1) provides that "the plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed."
[25] La. C.C.P. art. 966 B provides in pertinent part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
[26] Even if the required oaths were not attached to the panel report, any procedural defect would have to be objected to by the opposing party, or would be considered as waived. See Independent Fire Ins. Co., 1999-2181 p. 16 n. 4, 755 So.2d at 235 n. 4.
[27] Insofar as the writ application was granted to resolve a conflict in the circuit courts of appeal as to whether a certified copy of the report of a medical review panel alone may serve as prima facie evidence in support of, or in opposition to, a motion for summary judgment, we believe our analysis of the appropriate burden of proof in a summary judgment motion in a medical malpractice suit and our discussion of the evidence presented in this case resolves that issue.