DOROTHY LEE
v.
SHERIFF OF ST. TAMMANY PARISH, RODNEY "JACK" STRAIN, JR., ROBERT GILLIM, SAFEWAY INSURANCE COMPANY, R.J.P. AUTOMOTIVE, INC., LAFAYETTE INSURANCE COMPANY, RENAISSANCE MEDIA, LLC, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, AND LONE STAR INDUSTRIES
TARA M. GILLIM, as wife of/and ROBERT GILLIM, individually
v.
RODNEY "JACK" STRAIN, JR., in his Official Capacity as Sheriff of St. Tammany Parish, DOROTHY LEE, ALLSTATE INSURANCE COMPANY, LONE STAR INDUSTRIES, INC., and XYZ INSURANCE COMPANY
No. 2008 CA 1620, Consolidated With No. 2008 CA 1621.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
RICHARD S. VALE, PAMELA F. NOYA, ERIC E. POPE, Attorneys for Appellant, Boh Bros. Construction Co., LLC
CRAIG P. HART, TAMMY L. KARAS, Attorneys for Appellee, Dorothy Lee
CHRISTOPHER P. LAWLER, Attorney for Appellees, Dorothy Lee and Allstate Ins. Co.
Before: CARTER, C.J., WHIPPLE AND DOWNING, JJ.
CARTER, C. J.
Boh Brothers Construction Company, LLC ("Boh Bros."), appeals a judgment granting summary judgment in favor of Dorothy Lee and her insurer, Allstate Insurance Company, and dismissing the plaintiffs' claims against Lee and Allstate.

FACTS AND PROCEDURAL HISTORY
This suit arises from a motor vehicle accident that occurred in December 2003, on U.S. 190 (a two-lane highway) in St. Tammany Parish. On the date of the accident, Boh Bros, was performing construction work that involved a duster truck laying concrete dust along the road shoulder, which necessitated the closure of the eastbound lane of traffic. Boh Bros, had hired two off-duty sheriffs officers to control traffic around the worksite.
Robert Gillim was driving eastbound on U.S. 190 and stopped at the construction site as he was directed to do by one of the deputies controlling traffic. When signaled to do so by the deputy, Gillim drove into the westbound lane toward the second deputy, who was positioned at the opposite end of the construction site. As Gillim approached the second deputy, a cloud of cement dust engulfed the area and obscured all visibility. Gillim testified that he could not see anything and came to a complete stop, with his vehicle facing eastbound in the westbound lane. While still engulfed in the dust cloud, Gillim's vehicle was struck head on by a vehicle driven by Dorothy Lee.
Gillim and Lee each filed suit against each other, as well as Boh Bros. The suits were consolidated. Multiple motions for summary judgment followed, including motions by Gillim and Lee, and their respective insurers. The trial court granted the motion for summary judgment filed by Gillim, dismissing all of Lee's claims against him and his insurer, upon finding no issue of fact or law that Gillim was free of fault. That judgment was not appealed. Later, the trial court granted the motion for summary judgment filed by Lee, dismissing all of Gillim's claims against Lee and her insurer, again upon finding no fault on the part of the driver. Boh Bros, has appealed the judgment dismissing Lee and her insurer, arguing that there remain multiple issues, including whether Lee breached her duty as a driver by driving through the dust cloud despite her vision being obscured. The only issue on appeal is the propriety of the trial court granting the motion for summary judgment filed by Lee.

DISCUSSION
On appeal, we review the trial court's judgment granting summary judgment de novo, using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880, 882-83. Since Lee will not bear the burden of proving her liability at trial, her burden on the motion for summary judgment is to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966C(2).
An individual driver owes a duty of being reasonably observant of conditions that might affect the operation or use of her vehicle that would pose an unreasonable risk of harm to others. Adams v. Parish of East Baton Rouge, 00-0424, 00-0425, 00-0426, 00-0427 (La. App. 1 Cir. 11/14/01), 804 So.2d 679, 698, writ denied, 02-0448 (La. 4/19/02), 813 So.2d 1090. This duty includes the basic, fundamental, and strict duty to use her automobile reasonably and to maintain a proper lookout for hazards which might pose an unreasonable risk of harm. Id.; Hager v. State, ex rel. Dept. of Transp. and Development, 06-1557 (La. App. 1 Cir. 1/16/08), 978 So.2d 454, 470, writs denied, 08-0347, 08-0385 (La. 4/18/08), 978 So.2d 349.
Furthermore, a motorist is held to a higher degree of care in adverse conditions, and her duty to keep his vehicle under control increases in periods of low visibility. A driver does not have the right to assume her course of travel is free from danger if she cannot see clearly ahead. If she continues to travel as if she knew there was perfect clearance, she does so at her own risk and peril. If conditions warrant it, a motorist may be required to stop her car and remain at a standstill until conditions warrant going forward. Kimble v. East Baton Rouge Parish, 95-1973 (La. App. 1 Cir. 5/10/96), 673 So.2d 682, 686-687.
Lee testified that she was familiar with U.S. 190 and knew work was being done on the roadway, although she was not sure in advance which portion would be under construction on any given day. According to the deputies who were controlling traffic at the construction site, the site was marked with two police units and several large trucks and pieces of equipment were present along the road's shoulder. Lee testified that on the date of the accident, she traveled some distance on U.S. 190, but did not see any trucks, signs, or signs of police presence, that would indicate a construction site before she became engulfed in the dust cloud. She stated she saw no indication that a portion of the roadway was closed. However, Lee admitted that she was not paying attention to what was going on, and that after the accident she did see trucks and equipment being used in the road construction.
According to Lee, the dust cloud suddenly surrounded her vehicle as she was driving. She explained that she could not see her hand in front of her face and did not know what to do. During her deposition testimony, Lee first stated that she could not remember if she slowed down, then later stated that she stopped before the impact, then after that stated she could not remember if she applied her brakes or stopped before the impact. Additionally, Lee testified that she did not see Gillim's vehicle before the dust cloud enveloped the area, despite the fact that his vehicle was approaching her in the lane in which she was traveling.
After reviewing the record de novo, and especially considering Lee's testimony, we find that Lee failed to meet her burden of pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. We find multiple issues of material fact exist with regard to whether Lee breached her duties as a driver when she encountered the worksite and when her vision became obscured by the dust cloud. Accordingly, the trial court erred in granting Lee's motion for summary judgment and dismissing Gillim's claims against Lee.

CONCLUSION
For the reasons set forth herein, the trial court's judgment granting Lee's motion for summary judgment and dismissing Gillim's claims against Lee is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Dorothy Lee and her insurer, Allstate Insurance Company.
REVERSED.