# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 12-1069

BRYAN E. MOBLEY

VERSUS

CITY OF DERIDDER, JOSE CHAPA,
INDIVIDUALLY AND IN HIS
CAPACITY AS A DERIDDER CITY
POLICE OFFICER, LANCE GRANT,
INDIVIDUALLY AND IN HIS
CAPACITY AS A BEAUREGARD
PARISH DEPUTY SHERIFF, DEREK
SMITH, INDIVIDUALLY AND IN HIS
CAPACITY AS A BEAUREGARD
PARISH DEPUTY SHERIFF, BEAUREGARD
MEMORIAL HOSPITAL, KIM LAMITINA,
INDIVIDUALLY AND IN HER CAPACITY AS
A R.N. AT BEAUREGARD MEMORIAL HOSPITAL

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, DOCKET NO. C-2011-0486 "B"
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Mitchel M. Evans, II
416 North Pine Street
DeRidder, Louisiana 70634
(337) 462-5225
COUNSEL FOR PLAINTIFF/APPELLANT:
    Bryan E. Mobley

**David R. Lestage**
**Hall, Lestage & Landreneau**
**Post Office Box 880**
**207 West 2nd Street**
**DeRidder, Louisiana  70634**
**(337) 463-8692**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Derek Smith and Lance Grant,**
**individually and as Deputies**
**Sheriff of Beauregard Parish, Louisiana**


**Bradley C. Myers**
**Kean Miller LLP**
**Post Office Box 3513**
**Baton Rouge, Louisiana  70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**City of DeRidder and Jose Chapa**


**Terrence D. McCay**
**Kean Miller LLP**
**One Lakeshore Drive, Suite 1150**
**Lake Charles, Louisiana  70629**
**(337) 430-0350**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**City of DeRidder and Jose Chapa**

**GENOVESE, Judge.**

Plaintiff, Bryan E. Mobley, filed suit for damages against Defendants, the City of DeRidder, Jose Chapa (Officer Chapa), Lance Grant (Deputy Grant), Derek Smith (Deputy Smith), Beauregard Memorial Hospital, and Kim Lamitina (Nurse Lamitina).[1]  Mr. Mobley alleges he sustained personal injury when Beauregard Parish Sheriff Deputies Grant and Smith, DeRidder City Police Officer Chapa, and Beauregard Memorial Hospital Nurse Lamitina forcibly obtained a urine sample from him through the use of a catheter subsequent to his arrest for driving while intoxicated.  Defendants, the City of DeRidder, Officer Chapa, Deputy Grant, and Deputy Smith, filed motions for summary judgment which were granted by the trial court.  Mr. Mobley appeals the trial court's grant of these motions for summary judgment.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2010, Deputies Grant and Smith arrested Mr. Mobley for driving while intoxicated.  Before his arrest, Mr. Mobley refused to submit to a field sobriety test.  After his arrest, Mr. Mobley also refused to submit to a breathalyzer test.  A search warrant was procured to obtain bodily fluids—both blood and urine—from Mr. Mobley.  In order to effectuate the search warrant, Mr. Mobley was taken to Beauregard Memorial Hospital.  Though he initially resisted efforts to execute the search warrant, Mr. Mobley ultimately complied and permitted the withdrawal of a blood sample by medical personnel; however, he forcefully refused to render a urine sample.  A urine sample was obtained from Mr. Mobley through the use of a catheter by medical personnel and the use of physical restraint by law enforcement officers.

---

[1]Beauregard Memorial Hospital and Kim Lamitina were dismissed from this matter pursuant to an exception of prematurity.

Mr. Mobley filed a Petition for Damages pro se[2] on May 23, 2011. In his petition, Mr. Mobley alleged that he "was restrained by excessive force" while medical personnel and law enforcement officers "used a catheter to forcefully take [his] urine[.]" His pleading requested damages for the physical and psychological injuries he claims he suffered from the alleged use of excessive force.

On December 9, 2011, Deputies Grant and Smith filed a motion for summary judgment, asserting that they "used only that force reasonable and necessary against [Mr. Mobley] in order to effectuate the execution of the search warrant for [his] bodily fluids." Deputies Grant and Smith sought summary judgment pursuant to La.Code Civ.P. art. 966(C)(2) on the basis that Mr. Mobley "cannot establish lack of probable cause for the issuance of the warrant or the use of unreasonable force in its execution[; therefore], he cannot prove essential elements necessary for him to prevail at a trial in this case[.]"

On January 13, 2012, the City of DeRidder and Officer Chapa also filed a motion for summary judgment, asserting that Mr. Mobley "has not and cannot present sufficient factual support showing that [Officer] Chapa used force, much less excessive force, in assisting [Deputies Grant and Smith] in obtaining blood and urine samples from [him] pursuant to the valid warrant obtained by the Deputies." Therefore, the City of DeRidder and Officer Chapa joined Deputies Grant and Smith in seeking summary judgment pursuant to La.Code Civ.P. art. 966(C)(2).

The evidence before the trial court in support of the motions for summary judgment included affidavits of Officer Chapa, Deputy Smith, and Deputy Grant, with each disputing the use of unreasonable or excessive force in the execution of

---

[2]Since December 19, 2011, Mr. Mobley has secured counsel and is no longer pro se.

the search warrant. Also offered were the Search Warrant Application and the Order of Search signed by the trial court judge.

In opposition to the motion for summary judgment, Mr. Mobley offered: Exhibit A, Incident Report Number E-00686-10; and, Exhibit B, an *in globo* offering which contained the Search Warrant Application, the Order of Search, the report from Southwest Louisiana Criminalistics Laboratory, and a document entitled "Urinalysis to Determine Blood Alcohol in DUI Investigations" to which Mr. Mobley refers in his opposition memorandum as "Learned Treatises."

The matter was heard on March 12, 2012, at which time both motions for summary judgment were granted. On May 10, 2012, the trial court issued written Reasons for Judgment, wherein he stated:

> A judge may issue a search warrant authorizing the search of a person for bodily samples. La.C.Cr.P. Art. 163.1. In order to execute a search warrant, a peace officer may use such means and force as are authorized for arrest. La.C.Cr.P. Art. 164. A person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained. La.C.Cr.P. Art. 220. Therefore, it follows that a peace officer executing a search warrant may use reasonable force to execute the search, and also to overcome any resistance or threatened resistance of the person being searched.

> Of particular note is that in the underlying criminal matter entitled "State of Louisiana v. Bryan E. Mobley", Docket No. CR-2010-0462 in this court, the defense asserted that the search warrant violated Mr. Mobley's constitutional rights. The trial court upheld the issuance of the search warrant and writs to the Third Circuit Court of Appeal were denied[,] and the trial court's judgment was upheld.

> . . . .

> The use of excessive force by the defendants is an essential element in . . . Mr. Mobley's case. Defendants have submitted affidavits which attest that Defendants used only the level of force necessary to execute the search and to overcome the resistance of Mr. Mobley. These affidavits, along with the defendants' pleadings and briefs, point out a lack of factual support for Mr. Mobley's claims. At this point in the proceedings, the burden shifted to Mr. Mobley to produce factual support sufficient to establish that he

3

would be able to satisfy his evidentiary burden at trial of proving the use of excessive force. Mr. Mobley failed to produce any factual support of this claim. There was no evidence offered, other than the mere allegations of Mr. Mobley's pleadings, to show that defendants struck, choked, or otherwise used force disproportionate to Mr. Mobley's resistance. Additionally, Mr. Mobley has offered no evidence of physical injury as a result of being restrained by police. Therefore, the Court concludes that Mr. Mobley has failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial.

On the same day, the trial court signed two judgments granting the motions for summary judgment, and Mr. Mobley's claims against the City of DeRidder, Officer Chapa, Deputy Smith, and Deputy Grant were dismissed. It is from these judgments that Mr. Mobley appeals.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Mr. Mobley asserts that "[t]he trial court committed an abuse of discretion in failing to consider expert treatises, which address[] the inappropriate use of urinalysis for determining an arrestee's blood alcohol concentration at time of arrest."

## LAW

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La. 11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La. 3/9/07)], 951 So.2d 1058[]; *King v. Parish National Bank*, [04-337 (La. 10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La. 4/14/04)], 870 So.2d 1002[.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

## DISCUSSION

Mr. Mobley's sole assignment of error confines the issue before this court to a rather narrow inquiry: whether the trial court's holding is wrong because it presumably failed to rely on treatises which disapprove of the use of urinalysis to determine an individual's blood alcohol concentration. Mr. Mobley concedes in his appellate brief that "there is no factual dispute as to the existence of probable cause at the time of . . . arrest." He asserts that "the inquiry herein should be focused on the use of force by the arresting agency in securing samples of . . . bodily fluids, in order to determine Blood Alcohol Concentration[] (BAC) at the time of [his] traffic stop." Mr. Mobley argues that "the [j]udgment of the [t]rial [c]ourt should be reversed, as it failed to take judicial notice of expert treatises, which frown[] upon the use of urinalysis in Blood Alcohol Concentration determinations[.]"

Deputies Grant and Smith counter, arguing that "[t]he [c]ourt found that based upon the submissions to it, there was not any dispute as to material fact. Counsel for Mr. Mobley has not demonstrated any error of the [t]rial [c]ourt in that regard." The City of DeRidder and Officer Chapa assert that "[a]lthough Judge Anderson did not specifically reference 'the learned treatises' favored by [Mr. Mobley], there is no evidence in the record that Judge Anderson failed to

consider the information in reaching his decision." The City of DeRidder and Officer Chapa contend that "Judge Anderson was not required to take 'judicial notice' of such 'learned treatises.'" We agree.

We find no merit to Mr. Mobley's appeal. The trial court is not bound to take judicial notice of what Mr. Mobley contends are "Learned Treatises" wrangling over the use of urinalysis. *See* La.Code Evid. 201 and 202. Nor is the trial court bound by treatises, period. The trial court is bound to consider the facts in evidence, to apply the law to those facts, and to render a decision. Based on the evidence, the trial court found no genuine issues of material fact and that Defendants were entitled to summary judgment as a matter of law.

Pursuant to our de novo review of the record, we conclude that the trial court was correct in holding that Mr. Mobley failed to produce sufficient evidence to establish that he will be able to prove his claim at trial. There is no genuine issue of material fact and the City of DeRidder, Officer Chapa, Deputy Grant, and Deputy Smith are entitled to judgment as a matter of law.

## DECREE

For the foregoing reasons, the motions for summary judgment granted in favor of Defendants/Appellees, the City of DeRidder, Joseph Chapa, Lance Grant, and Derek Smith are affirmed. Costs of this appeal are assessed against Plaintiff/Appellant, Bryan E. Mobley.

**AFFIRMED.**

6