# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-732


CAROL THOMAS

VERSUS

LAFAYETTE PARISH SCHOOL SYSTEM


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #4
PARISH OF LAFAYETTE, NO. 09-08883
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.


                                                                **REVERSED.**

Mark Louis Riley
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
Telephone:  (337) 233-1471
COUNSEL FOR:
       Plaintiff/Appellant - Carol Thomas

Kathy L. Smith
Borne & Wilkes, L.L.C.
P. O. Box 4305
Lafayette, LA 70502-4305
Telephone:  (337) 232-1604
COUNSEL FOR:
       Defendant/Appellee - Lafayette Parish School System

**THIBODEAUX, Chief Judge.**

In this workers' compensation claim, the trial court granted partial summary judgment in favor of defendants, Lafayette Parish School System (School Board), dismissing plaintiff Carol Thomas's claim for temporary total disability (TTD) benefits. Ms. Thomas was injured while employed by the School Board and made a claim for workers' compensation. Prior to the 1008 claim, and before Ms. Thomas maintained a constant no work status, the School Board placed Ms. Thomas under investigation for work performance and financial impropriety issues. Ms. Thomas was ultimately terminated for cause. The trial court granted partial summary judgment, concluding Ms. Thomas is not entitled to TTD benefits because she was terminated for cause. Ms. Thomas now appeals. Reasoning that temporary total disability benefits continue even after termination until claimant is able to engage in gainful employment, we reverse the trial court's grant of partial summary judgment.

I.

**ISSUE**

We shall determine whether an employee terminated for cause is still entitled to temporary total disability benefits under the Workers' Compensation Act?

II.

**FACTS AND PROCEDURAL HISTORY**

Ms. Thomas was injured on May 18, 2009, while employed by the School Board and while within the course and scope of her employment. Ms.

Thomas alleges she stepped in a pot hole, twisting her ankle, and injuring her left leg, left ankle, right hand, and right wrist. A 1008 claim for workers' compensation was made on October 20, 2009. The School Board denied the claim. She was placed on no work status several times, the last being October 28, 2009, which has since been maintained. During the time periods she could work, Ms. Thomas did so under modifications of her duties, but ultimately had to be placed under the no work status.

Ms. Thomas was suspended and ultimately terminated with cause retroactive to June 14, 2010. Her termination followed an investigation and due process hearing. From the time of her initial suspension until termination, Ms. Thomas was paid her full, regular salary. The reasons for termination involved several instances of willful neglect of duty. Ms. Thomas also operated a daycare center from her home and was found several times by her supervisor to be at home working on that business during hours she was paid by the School Board. The School Board maintains that Ms. Thomas's termination was unrelated to her injury and claim for workers' compensation benefits.

After discovery, the School Board filed a motion for partial summary judgment to dismiss Ms. Thomas's claim for TTD benefits. The School Board argues that Ms. Thomas was terminated for cause, and is, therefore, not entitled to any indemnity benefits under workers' compensation, including TTD benefits. The trial court granted partial summary judgment. The judge noted in her reasons for judgment that the termination did not appear to be in bad faith; it was well documented, justified, and due process rights were given. The judge further determined Ms. Thomas would still be working had she not provided cause to be

terminated, and that she was placed on no work status only after the work investigation had begun.

Ms. Thomas appealed the judgment to this Court, but it was not an appealable judgment at the time. The parties entered a consent judgment that disposed of the remaining matters of Ms. Thomas's claim, but retained Ms. Thomas's right to appeal the grant of partial summary judgment. Ms. Thomas again appeals the grant of partial summary judgment dismissing her TTD benefits claim.

## III.

## STANDARD OF REVIEW

When an appellate court reviews the grant or denial of a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Gray v. American Nat. Property & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

## IV.

## LAW AND DISCUSSION

Ms. Thomas asserts she is entitled to TTD benefits, and that an employer's obligation to pay those benefits does not end with the termination of

the employee-claimant. For the purposes of this appeal, Ms. Thomas concedes that her termination was with cause, but maintains this fact is irrelevant to determining her entitlement to TTD.

**Entitlement to Temporary Total Disability Benefits**

Louisiana Revised Statutes 23:1221(a) pertains to temporary total disability under the Workers' Compensation Act. TTD benefits are paid to an employee-claimant injured while engaged in employment, and when that employee can no longer engage in any "self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured." La.R.S. 23:1221(1)(a). The burden of proof to show a disability is on the claimant, who must show by "clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment." La.R.S. 23:1221(1)(c). "Clear and convincing evidence requires the employee 'demonstrate that the existence of a disputed fact is highly probable [or] much more probable than its nonexistence.'" *Alexander v. Autozone, Inc.*, 04-871, p. 6 (La.App 3 Cir. 12/8/04), 889 So.2d 366, 371. In order to satisfy this burden, a claimant may use medical and lay testimony. *Kepco Operating, Inc. v. Eubanks*, 10-1166 (La.App. 3 Cir. 3/9/11), 58 So.3d 1047, *writ denied*, 11-705 (La.6/3/11), 63 So.3d 1017. Medical evidence used to meet the burden of proof must be objective and testify to the "medical condition, symptoms, pain, and treatment." *Alexander*, 889 So.2d at 371. If the claimant engages in any form of post-injury employment, the claimant is not entitled to receive TTD benefits. La.R.S. 23:1221(1)(b).

4

Ms. Thomas must then show that her injury prevents her from engaging in any employment, not merely the same employment she could work prior to her injury. La.R.S. 23:1221(1)(c). Ms. Thomas did not maintain her no work status until Dr. Heard's recommendation on October 28, 2009. Dr. Heard's medical evaluation on this date stated that Ms. Thomas was still working full time and that he was now placing her on no work status. Temporary total disability, therefore, cannot be claimed until this date, when the record demonstrates Ms. Thomas could not physically engage in employment.

Dr. Heard's records specify that Ms. Thomas can neither stand nor walk for more than 15 minutes and can sit no longer than one hour before the activities become too painful. Dr. Heard's reports further indicate that Ms. Thomas experienced consistent and worsening pain since the accident. A left knee arthroscope and right wrist surgery was recommended, but awaited workers' compensation authorization. The medical evidence in the record maintains the no work status through the current records dated April 25, 2012. Ms. Thomas also saw Dr. Montgomery who stated Ms. Thomas was able to return to light duty work. This visit, however, was only for a wrist examination and not for her knee or ankle. In addition, Dr. Heard notes that Dr. Montgomery agreed surgery of the right hand was recommended. Dr. Heard has continued Ms. Thomas on no work status.

The record clearly indicates that Ms. Thomas has been under a no work status by her doctor since October 28, 2009. There exists nothing in the record to contradict Dr. Heard's diagnosis of Ms. Thomas's inability to work. The School Board also has not provided any evidence of other appropriate jobs available to Ms. Thomas that she could manage in her current condition.

5

Furthermore, the record presents no evidence that Ms. Thomas has engaged in any employment while under the no work status. Though she owned a daycare business, her ownership does not ipso facto mean she can return to gainful employment. Employees may be running the business on her behalf. Considering the above, Ms. Thomas has satisfied the burden of proving her disability.

### Duration of Temporary Total Disability Benefits

Temporary Total Disability benefits are paid when an employee cannot engage in any occupation for wages. La.R.S. 23:1221(1)(a). The benefits continue until the claimant is again able to engage in some kind of employment, even if the claimant is no longer an employee of the employer. "An injured worker is entitled to receive temporary total disability benefits from the date of his disabling injury until either party shows a lawful ground for a change in his status." *Hodges v. Quail Tools, Inc.*, 97-1340, p. 5 (La.App. 3 Cir. 3/6/98), 709 So.2d 975, 978.

TTD benefits are triggered by the injury, and continue until the employee returns to gainful employment, of any kind. An employee may, therefore, claim TTD benefits even after termination by the employer, provided the injury causing the disability occurred in the course and scope of employment. In *Wells v. Louisiana Industries*, 98-709 (La.App. 3 Cir. 12/23/98), 735 So.2d 650, claimant was injured on the job, but returned for several days following his injury. Claimant was terminated for reasons unrelated to his injury shortly after. *Id*. Claimant later sustained another injury in a car accident that led to his inability to work. *Id*. The accident was determined to have been caused by claimant's original injury sustained while at work. *Id*. He continued to receive treatment for his

injury for several months. *Id.* On appeal, this Court affirmed and modified the trial court's judgment, extending the TTD benefits to include the entirety of the period the claimant was under a doctor's care for his injuries and could not "return to gainful employment." *Id.* at 653. Claimant received these benefits even though he had been terminated by employer and the accident causing his inability to work technically occurred after his termination. *Id.*

Ms. Thomas was injured during the course and scope of employment. The medical records provided indicate she is still on no work status and was placed on no work status prior to being terminated for cause. The fact that the reasons for her termination occurred prior to the injury causing event is irrelevant when the injury occurred on the job. Her inability to work does not depend on the termination for cause, but on the work-related injury. There is nothing in the record that indicates Ms. Thomas was able to engage in gainful employment following October 28, 2009, when she was placed under the current no work status. Therefore, at the time the motion for partial summary judgment was granted, the facts on the record did not support awarding Lafayette Parish School System summary judgment on this issue as a matter of law. To the contrary, Louisiana Revised Statutes 23:1221(1) supports awarding temporary total disability benefits to Ms. Thomas up until a point where either party can show Ms. Thomas can in fact engage in employment in her current state.

V.

## CONCLUSION

For the foregoing reasons, the grant of partial summary judgment is reversed. Costs of this appeal are assessed to the defendants-appellees.

**REVERSED.**

7