HUGHES, J., would grant.
GENOVESE, J., would grant.
I would grant plaintiff's writ application, finding the lower courts erred in granting defendant's motion for summary judgment.
In medical malpractice cases, this court has long recognized that expert testimony is not required to establish the applicable standard of care and whether or not that standard was breached where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. See Samaha v. Rau , 07-1726 (La. 2/26/08), 977 So.2d 880, 884 ; Pfiffner v. Correa , 94-0924, 94-0963, 94-0992 (La. 10/17/94), 643 So.2d 1228. In this case, plaintiff asserted that after the delivery of her baby, during which she was administered epidural anesthesia multiple times, she was unable to feel her legs. Despite her protestations, plaintiff asserted the nursing staff at Lafayette General Medical Center forced her out of bed and she fell onto the floor, injuring her neck. In my view, the negligence asserted by the plaintiff is such that a lay person could infer negligence without the need for expert testimony. For this reason, I find defendant's motion for summary judgment should have been denied. Thus, I would grant plaintiff's writ application and reverse the rulings of the lower courts.