STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**08-1104**

SAMUEL TATE

VERSUS

UNITRIN AUTO AND HOME
INSURANCE COMPANY

**********

APPEAL FROM THE
LEESVILLE CITY COURT, NO. 2007-C-4754
HONORABLE ELVIN C. FONTENOT, JR., CITY COURT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

R. Scott Iles
Post Office Box 3385
Lafayette, LA  70502
(337) 234-8800
COUNSEL FOR PLAINTIFF/APPELLANT:
     Samuel Tate

Michael P. Corry
Gary J. Delahoussaye
Brandon O. Wallace
Briney & Foret
Post Office Box 51367
Lafayette, LA  70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANT/APPELLEE:
     Financial Indemnity Company

AMY, Judge.

The plaintiff sought damages from the defendant insurer, under UM coverage, for injuries related to an automobile accident. The insurer denied the claim, asserting that the plaintiff had waived UM coverage. The plaintiff contended that the waiver was ineffective as it was not completed on a current UM rejection form. The parties filed cross motions for summary judgment. The trial court granted summary judgment in favor of the insurer, finding that the absence of the name of the insurer on the form was not fatal to the validity of the waiver. The plaintiff appeals, contending that the UM rejection form at issues does not comport with the requirements discussed in *Duncan v. U.S.A.A.*, 06-363 (La. 11/29/06), 950 So.2d 544. For the following reasons, we reverse and remand.

## Factual and Procedural Background

The plaintiff, Samuel Tate, alleges that he sustained injury in an August 2007 automobile accident. Mr. Tate alerted his insurer, Financial Indemnity Company, that his related medical expenses would exceed the policy limits of the other driver's insurance policy. Financial Indemnity, however, denied the plaintiff's claim, contending that the plaintiff waived uninsured/underinsured motorist coverage by declining such coverage on a UM rejection form.

The plaintiff filed the present matter, seeking a determination as to the availability of UM coverage. He also sought an award under the UM coverage and statutory penalties and attorney fees for the failure to tender UM benefits. Thereafter, the parties filed cross motions for summary judgment on the issue of UM coverage, with the insurer presenting a UM rejection form bearing the plaintiff's initials and dated April 7, 2005. The plaintiff asserted that the rejection form was deficient in two

areas. Following a hearing, the trial court granted summary judgment in favor of the insurer.[1]

The plaintiff appeals.

## Discussion

In his sole assignment of error, the plaintiff contends that the UM rejection form is invalid. He argues that the form is insufficient pursuant to the Commissioner

---

[1] The trial court rendered the following written reasons for ruling:

The Court fin[d]s that there has been numerous time that Tate has changed vehicles which were replaced by other vehicles on the Unitrin policy. However, there was never another U.M. rejection form signed by Tate. The form signed by him does not provide a place for the name of the insurance company which is not in compliance with the Insurance Commissioner's Office, directive 201, cited by plaintiff in his memorandum and filed into the records as an exhibit. The Court has considered the case of Duncan v. USAA, 950 So2d 544, (La. 12/06). In that case, the Supreme Court discussed that the failure to have policy numbers in the lower right-hand corner of the U.M. rejection for[m] invalidates the policy. The court finds that the use of the binder number was sufficient due to the fact that no other rejection forms were executed by the plaintiff. However, the question is whether or not the plaintiff was required to execute a new U.M. rejection form each time he replaced a vehicle on the policy. The court finds that this is not what the law provides. See Exhibit "B" of TATE's Opposition to Motion for Summary Judgment.

The court is also faced with determine [sic] whether or not the failure to use the new form issued by the insurance commissioner as Exhibit "A" should have been used to replace the old form.

Neither counsel for the plaintiff or defendant have cited any cases that indicates that a new form was required to be signed by the plaintiff in order to reject U.M. coverage. In fact, it is my understanding that there was an agreement by both counsel for the plaintiff and defendant that a new form did not have to be executed when a new vehicle was placed on the insurance policy. The only time a new rejection form is required is if the insured desires a change in the limits of liability.

The court finds that there is no evidence before the court to establish the rejection of U.M. coverage is not valid. The only argument advanced by the plaintiff in his Cross Motion for Summary Judgment and Opposition to Motion for Summary Judgment is that the rejection form failed to comply with commissioner directive [sic] due to the fact the name of the insurer is not listed on the form. However, the form which was initially signed did not require nor have a place for the name of the insurer to be placed and that form is still valid and in full force since there was never a change in the insurance policy which required the execution of a new rejection form by the insured.

For the reasons recited hereinabove, the court does not find that the failure to list the name of the insurer is a fatal flaw to this waiver. Therefore, defendant's Motion for Summary Judgment is granted and all costs are assessed against the plaintiff and the plaintiff's petition is dismissed with prejudice.

of Insurance's directive, in "Bulletin Number 01-05 Amended," to include the insurance policy number in the lower right hand corner and the insurer's name on the lower left hand corner. He argues that the alleged failure to strictly comply with the form promulgated by the Commissioner renders the rejection invalid in light of jurisprudence requiring adherence to the form. *See Duncan*, 950 So.2d 544, and *Gingles v. Kinnery Dardenne*, 08-448 (La.App. 3 Cir. 11/26/08), _ So.2d _. Thus, he seeks a reversal of the summary judgment entered in favor of Financial Indemnity and entry of summary judgment declaring UM coverage under the Financial Indemnity policy.

Financial Indemnity argues that since the UM rejection form under review was executed in 2005 and the Commissioner's bulletin relied upon by the plaintiff was issued in 2007, it is inapplicable to this case. Further, Financial Indemnity points out that the completed rejection form includes a binder number which, it argues, is sufficient as the supreme court has explained that "the Commissioner of Insurance's regulations specifically allow omission of the policy number if it does not exist at the time [the] UM waiver form is completed." *Carter v. State Farm Mut. Auto. Ins. Co.*, 07-1294 (La. 10/5/07), 964 So.2d 375, 376.

Louisiana Revised Statutes 22:680(1)(a)(ii) provides that, with regard to UM coverage:

> [a] rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected

3

coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

As explained in *Duncan*, 950 So.2d 544, this statute is to be liberally construed, with its exceptions strictly interpreted. In light of this strict construction requirement, the insurer bears the burden of proving the validity of a UM rejection. *Id.*

Louisiana Code of Civil Procedure Article 966(B) provides that a summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Subparagraph C(2) indicates that "[t]he burden of proof remains with the movant." Yet, if the moving party will not bear the burden of proof at trial, he or she is not required to "negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* If the adverse party then "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden or proof at trial, there is no genuine issue of material fact." *Id.* An appellate court reviews a ruling on a

4

motion for summary judgment de novo, using the same criteria that governed the trial court's consideration of the motion. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

Financial Indemnity advances a legal argument regarding the adequacy of the UM rejection form in light of La.R.S. 22:680, *Duncan*, and bulletins from the Commissioner of Insurance. However, its submissions fail to resolve all genuine issues of material fact. In support of its motion, Financial Indemnity submitted the plaintiff's petition, the insurance policy under which recovery is sought, and the UM rejection form relied upon. The insurance policy bears policy number CCFICS1825886-04 and lists its effective date as April 18, 2007. However, the UM rejection form relied upon by Financial Indemnity does not include a policy number, but instead bears binder number 10171795C14P5828. It is dated April 7, 2005, two years prior to the effective date of the policy submitted. There is no evidence, whether by affidavit, deposition, or otherwise, indicating that the UM rejection form is even related to the policy offering coverage much less information indicating whether a policy number was available. *See Carter*, 964 So.2d 375. For this reason, the trial court erred in finding that Financial Indemnity sustained is burden of proof for summary judgment.

Although the plaintiff seeks entry of summary judgment declaring UM coverage under the policy, this is not warranted in light of the evidence presented. Rather, Financial Indemnity's presentation of the UM rejection form establishes a genuine issue of material fact as does the policy declaration page which indicates that "no coverage" is listed under the UM coverage. We also note that, although the plaintiff asserts that a Commissioner of Insurance bulletin establishes the

5

requirements of a valid form, he has not demonstrated that the bulletin relied upon represented the requirements at the time the purported rejection form was executed.

For these reasons, we reverse the entry of summary judgment.

## DECREE

For the foregoing reasons, the judgment of the trial court entering judgment in favor of the defendant, Financial Indemnity Company, and dismissing the plaintiff's claim is reversed. All costs of this proceeding are assessed to Financial Indemnity Company. This matter is remanded for further proceedings.

**REVERSED AND REMANDED.**