EDWIN A. LOMBARD, Judge.
 

 | jThis class action lawsuit seeks compensation for property damage and emotional distress due to the failure of “hurricane protection levees” built by Plaquemines Parish Government; named defendants include Great American Excess and Surplus Insurance Company (“Great American”). This appeal is from a summary judgment granted to Great American. After
 
 de novo
 
 review, we affirm the trial court’s judgment finding that the policy issued by Great American to Plaquemines Parish Government did not cover the acts alleged by the plaintiffs.
 

 Relevant Facts and Procedural History
 

 The named plaintiffs in this class action, Donna Mumphrey, Michael Martin, Lizzie Williams, Mitchell Meyer d/b/a Mitchell Meyer Manufacturing, and Andrew Griffin, seek compensation from the local government of Plaquemines Parish for damages and losses of their property including, but not limited to relocation expenses, remediation expenses, diminution of property value, loss of use and enjoyment of property and inconvenience. The plaintiffs contended that such damages were caused by Plaquemines Parish Government’s failure to maintain, or its improper maintenance of, its hurricane protection levee on the east bank of Plaquemines Parish. The petition further asserts, “Plaquemines Parish | gGovernment’s failure to maintain the levee resulted in a breach of the levee which, but for Plaquemines Parish Government’s negligence, would have been adequate to hold against the storm surge occasioned by Hurricane Katrina.”
 

 Along with several other insurers, the plaintiffs also sued the defendant in this issue, Great American, averring that the defendant issued an insurance policy to Plaquemines Parish Government that provides coverage for the damages at issue in this suit.
 

 On November 17, 2010, Great American moved for summary judgment, asserting that its insurance policy does not provide coverage for the alleged governmental liability at issue in this case. The trial court granted Great American’s motion for summary judgment on February 16, 2011, dismissing all claims against the defendant
 
 *807
 
 with prejudice. The plaintiffs appeal from this judgment.
 

 Applicable Law
 

 Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. Art. 966(B). The initial burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case.
 
 Schultz v. Guoth,
 
 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006, citing
 
 Samaha v. Rau
 
 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he|sor she will be able to meet the burden at trial ... Once the motion for summary judgment has been supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.”
 
 Id.;
 
 (citations omitted).
 

 “Interpretation of an insurance policy usually involves a legal question, which can be resolved properly in the framework of a motion for summary judgment.”
 
 Bonin v. Westport Ins. Corp.,
 
 05-0886, p. 4 (La.5/17/06), 930 So.2d 906, 910. “An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.”
 
 Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co.,
 
 93-0911 (La.1/14/94), 630 So.2d 759, 763. Louisiana Civil Code article 2046 provides that, “when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation.
 
 Louisiana Ins. Guar. Ass’n v. Interstate Fire and Cas. Co.,
 
 630 So.2d at 764-65. The determination of whether a contract is clear or ambiguous is a question of law.
 
 Id.
 

 “A summary judgment is reviewed on appeal
 
 de novo,
 
 with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.”
 
 Samaha v. Rau,
 
 07-1726, pp. 3-4, 977 So.2d at 882-83.
 

 In this case, the defendant asserts that the policy as issued to Plaquemines Parish Government does not provide coverage for the plaintiffs’ alleged ^governmental liability claims, pursuant to the language contained in the Great American Excess and Surplus Insurance Company Policy.
 

 The defendant moves for summary judgment pointing out that its policy does not cover the damages the plaintiffs filed. In support of its motion, the defendant submits a copy of the Great American Excess and Surplus Insurance Policy (“policy”) as issued to Plaquemines Parish Government.
 
 [1]
 
 The defendant relies on the language of the Declarations page of the
 
 *808
 
 Policy that lists Plaquemines Parish Government’s business description as:
 

 “AMATEUR ATHLETIC ASSOCIATION — softball/baseball/soccer, etc.” Further, the defendant points to the statement on the
 
 Liability Schedule and Premium Recap
 
 of the Policy which states that the $11,597, the entire premium for the Great American Policy, was paid for “40067 Athletics Programs — Amateur.” This evidence supports a finding that there is an absence of factual support for one or more elements of the plaintiffs’ claim.
 

 In response, the plaintiffs submit a copy of the Policy and specifically refers to three unnumbered pages in the Policy headed
 
 Liability Schedule and Premium Recap, Common Policy Declarations,
 
 and
 
 Commercial General Liability
 
 — Declarations
 

 [2]
 

 The plaintiffs emphasize that “Plaquemines Parish Government” is listed on the Policy as the “named insured.” The plaintiffs also point to the inclusion of “Broadened Coverage,” which is identified as “Premises/Operations,” | fim the Policy on the four express areas of the coverage listed
 
 Liability Schedule and Premium Recap.
 

 Discussion
 

 The appellant assigns as error: (1) the trial court erred by disregarding Plaquemines Parish Government’s assertion of coverage under the insurance policy in question; (2) the trial court erred in granting summary judgment in favor of Great American when the policy provisions clearly provide coverage; (3) the trial court erred granting summary judgment in favor of Great American considering the ambiguous language in the policy which must be construed against the insurer who issued the policy and in favor of the coverage for the insured; and (4) the trial court erred in granting summary judgment nullifying the rights of intervening third parties.
 

 It is undisputed that the claims at issue in this lawsuit are for the alleged damages resulting from Plaquemines Parish’s governmental responsibilities with regard to Hurricane Katrina-related flooding, and not related, in any way, to the youth sports programs of the “Amateur Athletic Association of Plaquemines Parish.” Accordingly, the issue is whether the policy at issue provides for governmental risks at issue in this lawsuit. The plaintiffs focus on “Plaquemines Parish Government” as being the listed “named insured” on the policy as evidence to signify that it provides for the coverage of nature of the claims to this suit. However, it is undisputed that the policy was issued to Plaquemines Parish Government; the issue is to find what portion of governmental operations the policy covers. The policy clearly states that the business description for which the | ^coverage provides for is the amateur athletic programs of Plaquemines Parish and further that the entire premium of the Policy was paid for the athletic amateur programs.
 

 Thus, the policy at issue only provides coverage for Plaquemines Parish Government’s youth athletic programs. It does not provide coverage for the plaintiffs’ claims made against Plaquemines Parish Government as set out in their petition.
 
 [3]
 

 
 *809
 
 Great American carried its burden of proof on summary judgment entitling it to a dismissal from this matter. The plaintiffs have failed to introduce any competent evidence to refute the conclusive evidence of the policy at issue providing only for the coverage of the youth sports programs of Plaquemines Parish. Accordingly, we find that there is no genuine issue of material fact and Great American is entitled to a dismissal from this suit as a matter of law.
 

 Conclusion
 

 After
 
 de novo
 
 review, we find that Great American Excess and Surplus Insurance Company met its burden of proof on motion for summary judgment of showing an absence of factual support for the plaintiffs’ claim. Accordingly, the judgment of the trial court is affirmed.
 

 AFFIRMED
 

 [1]
 

 . The defendant also submits extrinsic evidence for the intent of the parties. However, because there is no ambiguity in the language of the insurance policy, such evidence is inadmissible.
 
 Chalmette Retail Center, L.L.C. v. Lafayette Ins. Co.,
 
 2009-0217, p. 9 (La.App. 4 Cir. 10/16/09), 21 So.3d 485, 493.
 

 [2]
 

 . The plaintiff class also submits a pleading filed by Plaquemines Parish Government,
 
 Plaquemines Parish Government Position on Great American E & S Insurance Company's Motion for Summary Judgment.
 
 However, this statement delves into the intent of the parties, which does not need to be addressed because of the clear language of the policy. La. Civ.Code art. 2046.
 

 [3]
 

 . “Plaintiffs and the Class further itemize the elements of damage and recovery to include, but not limited to, the following: loss of/or damage to movable property, loss of/or damage to real property, repair and replacement
 
 *809
 
 cost of home and belongings, diminution of property value, loss of use of property, moving expenses, the cost of substitute housing, loss of enjoyment of property, expenses associated with remediation of property, personal injuries and/or emotional distress, economic losses including business losses, increased insurance costs, insurance deductibles, lost wages and salaries, and the expense of emergency relocation, expert and professional fees, court costs, and legal interest, and all other expenses/damages as shall be proven at trial.”