McKAY, C.J.,
concurs.
hi concur with the majority opinion and would also reverse the trial court’s granting of summary judgment in favor of Clarendon, Essex, and Westchester.
As the majority recognizes, the motion for summary judgment is a procedural device “designed to secure the just, speedy, and inexpensive determination of every action” where there is no genuine issue of material fact regarding all or part of the relief prayed for. La. C.C.P. art. 966; Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83. A material fact is generally one that can “potentially ensure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute.” Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4 Cir.1992). If a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490.
In the instant case, the insurers asserted that their policies exclude all mold coverage, including any mold present in the Orleans Parish School Board’s ^buildings and business personal property. When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove that the incident falls within the policy’s terms. Doerr v. Mobil Oil Corp., 2000-0947 (La.12/19/00), 774 So.2d 119, 124. However, the insurer bears the burden of proving the applicability of an exclusionary clause within a policy. Id. Therefore, the insurers in the instant case bore the burden of proof as they were attempting to exclude coverage.
Exclusionary provisions must be read together with the entirety of the policy and are construed strictly against the insurer and in favor of coverage. See Sims v. Mulhearn Funeral Home, Inc., 07-0054 (La.5/22/07), 956 So.2d 583, 590. In the insurance policies at issue in the instant case, the mold exclusions are limited. They are not applicable to exclude all mold coverage. For instance, the exclusions may exclude damage caused by mold but do not exclude mold caused by a covered cause of loss, such as wind-driven rain. Because of this ambiguity, material issues *806 of fact exist as to the cause of mold and summary judgment should have been denied by the trial court.