JOY COSSICH LOBRANO, Judge.
| plaintiff, Harry Batt, III (“Batt”), appeals two trial court judgments: (1) the *1285 August 20, 2012 judgment, which granted summary judgment in favor of defendant, Dr. Kenneth Cohen (“Cohen”), and dismissed Batt’s action against Cohen with prejudice; and (2) the October 28, 2012 judgment, which granted summary judgment in favor of defendants, Gurtler Bros. Consultants, Inc. (“Gurtler”) and Ashley Van Der Meulen (“Van Der Meulen”), and dismissed Batt’s action against those defendants with prejudice.
Batt, a dentist, filed a petition for damages against Cohen, Gurtler and Van Der Meulen, alleging that on January 19, 2006, he purchased from Cohen an office space to be used to conduct a dental practice. Batt contracted with Gurtler, an engineering and inspections company, to inspect the property prior to the sale. Van Der Meulen, an employee of Gurtler, performed the inspection. Prior to completion of the sale, Cohen allegedly represented to Batt that the property was in excellent condition. After the sale was completed, Batt began the process of renovating the property for use as a dental office. During the course of the [ 2renovation process, contractors discovered structural damage to the floor, walls, joists and other parts of the structure of the building.
In his petition, Batt alleged that Cohen knew there was damage to the structure prior to the sale, and that the defects were so severe as to render the property useless for the purpose for which it was purchased. Batt further alleged that the damage to the structure was non-apparent because it was hidden by a recent superficial refurbishing of the property by Cohen. He claims that any waivers of warranty and redhibition are nullified by Cohen’s failure to disclose redhibitory defects of which he was aware. Batt also asserted claims of breach of contract and negligence against Gurtler and Van Der Meulen, alleging that Van Der Meulen, as an employee' of Gurtler, performed his duties in a negligent manner and therefore failed to discover latent structural damage to the property.
Cohen, Gurtler and Van Der Meulen answered Batt’s petition, and then filed motions for summary judgment. Hearings were held on Cohen’s motion and on Gurt-ler and Van Der Meulen’s motion. On August 20, 2012, the trial court granted summary judgment in favor of Cohen and dismissed Batt’s claims against him with prejudice. On October 23, 2012, the trial court granted summary judgment in favor of Gurtler and Van Der Meulen and dismissed Batt’s claims against those defendants with prejudice. Batt appealed both judgments.
An appellate court reviews summary judgments de novo, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether |athe movant is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882 (citations omitted).
In Cohen’s motion for summary judgment, he argued that both the Agreement to Purchase and Act of Sale contained waivers of warranty against redhibi-tory defects. Specifically, the Agreement to Purchase included a clause, initialed by both parties, which stated:
This property to be sold “AS IS” with full waiver of redhibition rights in act of sale as per LA. C.C. Art. 2520 through 2548 inclusive as per attached Waiver of Warranty and Redhibition Rights Ad *1286 dendum, which is made part of this Agreement. THE STATEMENT CONTAINED IN SAID ADDENDUM WILL BE MADE A PART OF THE ACT OF SALE.
The Act of Sale included the following waiver, also initialed by both parties:
VENDORS and PURCHASERS hereby acknowledge and recognize that the property sold and purchased is hereby transferred in “AS-IS” condition, and the PURCHASERS do hereby relieve and release VENDORS and all previous owners thereof from any and all claims for any vices or defects in said property, whether obvious or latent, known or unknown, and particularly for any claim or cause of action for redhibition pursuant to Louisiana Civil Code Articles 2520 et seq., or for the diminution of the purchase price pursuant to Louisiana Civil Code Articles 2541 et seq.
PURCHASER expressly waives all warranties as to the property herein sold, whether implied by this or any other writing or representation, as well as all warranties provided by law. This waiver applies to all warranties of any nature, express or implied, including without limitation warranties of fitness for a particular purpose, or of merchantability, or otherwise. PURCHASER understands that under Articles 2520 through 2548 of the Louisiana Civil Code and other provisions of law this sale would ordinarily include a warranty, implied by law, against certain defects in the property sold. PURCHASER expressly waives any and all such warranties with respect to all defects, whether apparent or latent, visible or not, and regardless of whether PURCHASER is presently aware of such defects. This waiver of warranty extends to all defects, even if the defect or defects render the property absolutely useless, or so inconvenient and imperfect that PURCHASER would not have ^purchased it had PURCHASER known of the defect. PURCHASER has examined the property thoroughly and is fully satisfied with its condition. PURCHASER has read and understands the foregoing waiver of warranty, the waiver has been pointed out and explained, and questions or doubts PURCHASER has concerning the same have been answered satisfactorily. VENDOR and PURCHASER acknowledge and stipulate that the sale price was negotiated and agreed upon after consideration of the waiver of warranty herein set forth. PURCHASER and VENDOR acknowledge reading the understanding of the warranty waiver provisions contained in this instrument by their initials.
Cohen argues that the Agreement to Purchase and Act of Sale show that the property was sold “as is” with a waiver of warranty and redhibition rights. He further argues that any defects discovered by Batt after the sale could have been discovered by simple inspection prior to the sale so they are not redhibitory defects. Cohen asserts that there is no proof that he perpetuated fraud that would vitiate the warranty waiver even if the defects are considered redhibitory defects.
Batt opposed Cohen’s motion for summary judgment, arguing that Cohen and his wife made pre-sale representations to him that the property was in excellent condition. Specifically, he claimed that both Cohen and his wife represented to him that he was fortunate to buy the property when he did because they had recently made significant repairs, including repairs to the subflooring and foundation, *1287 and that the property was in excellent condition and ready for immediate use as a dental office. Batt argued that these statements were untruthful and constituted a material misrepresentation, which vitiates consent. He further claimed that Cohen concealed the defects to the substructure of the property, and was in bad faith in including the “as is” clause in the sale documents. Batt stated that, based on material misrepresentations, Cohen fraudulently induced Batt into | .^agreeing to a sale of the property with a waiver of warranty and redhibition rights. Accordingly, Batt argued that the “as is” clause and waiver of warranty and redhibition rights should be given no force of law, and further argued that Cohen was not entitled to summary judgment.
In Batt’s deposition, he admitted that he did not speak to Cohen in person or on the telephone at any time prior to the Act of Sale. In fact, he stated that he did not even meet Cohen until the Act of Sale. However, notwithstanding that fact, the evidence offered in support of and in opposition to Cohen’s motion for summary judgment confirms that a pre-sale conversation took place between Batt and Edna Rita Cohen (defendant Cohen’s wife) regarding the condition of the property. Their recollections of the conversation differ. Batt says Mrs. Cohen told him that he was lucky to get the property because they had recently made significant repairs to the flooring and the property was in excellent condition. Mrs. Cohen did not recall telling Batt that the property was in excellent condition and that he was lucky to get it because of the recent flooring repair work; she only recalled Batt being told by either her or her husband that the ground floor of the property was ready for use.
Even assuming that Mrs. Cohen, who is not a defendant in this case, told Batt the property was in excellent condition and that she was acting on behalf of her husband in making that statement, Batt has offered no evidence to support his allegation that Cohen knew of or intentionally concealed any defects in the property prior to the sale. Batt agreed to the property being sold “as is” with a |fiwaiver of warranty and redhibition rights, and he has offered no evidence to show that Cohen (or his wife) made any intentional misrepresentation to him .regarding the property or knew of defects in the property so as to vitiate Batt’s consent to the terms of the sale.[1] Accordingly, we find no error in the trial court judgment granting Cohen’s motion for summary judgment and dismissing Batt’s action against Cohen with prejudice.
In Gurtler and Van Der Meulen’s motion for summary judgment, they relied on the inspection report prepared by Van Der Meulen, which included the following italicized statement on the first page: “Items, which require additional investigation and may be a major deficiency, are italicized.” The section of the report entitled “Structural Pier Foundation” included the following italicized paragraph:
Crawlspace ventilation was not adequate at the time of this inspection and ground surfaces were generally damp. Minimum crawlspace ventilation requirements of one square foot of wall vent space for every 100 square feet of *1288 crawlspace are not met by the existing ventilation system. Adding more vent openings is required to insure proper ventilation.
Gurtler and Van Der Meulen argued that Batt was present for the inspection, and knew that Van Der Meulen did not enter the entire crawlspace during the inspection. They argued that Van Der Meu-len was able to determine from his limited inspection that the crawlspace had only one vent, which was not adequate. |7They noted that the inspection report stated that the scope of the inspection was limited to the interior of the subject condominium only. Because of that limited scope, Van Der Meulen only did a visual inspection of the crawlspace with a flashlight. They further argued that Batt did not take the advice of Van Der Meulen to further investigate the inadequate ventilation and dampness in the crawlspace prior to the sale.
Gurtler and Van Der Meulen argued that they put Batt on notice of a defective condition in the property that required further investigation. They also noted that Batt, in his deposition, testified that because of the “band aid type of repair” performed by Cohen on the flooring, i.e., new tile allegedly being placed on top of rotten flooring and joists, “it made it impossible for the building inspector to tell that these joists were in bad condition.”
In opposing the motion for summary judgment filed by Gurtler and Van Der Meulen, Batt argued that they did not conduct a proper inspection of the property because Van Der Meulen did not move around the entire crawlspace area so that he could see the entire subfloor area. Batt also argued that the Building Inspection Contract that he had with Gurtler required an inspection of the interior, exterior and structure of the property. Batt noted that in the Gurtler report, Van Der Meulen summarized the property stating, “the subject property is in very good condition overall.” The report did not note any significant structural damage to the flooring, subflooring, joists or foundation of the property. To the contrary, the report stated that “[t]he structure within the subject unit appears to be in | Rserviceable condition with no evidence of structural cracking or other signs of structural distress noted.”
Batt argued that the “Structural Pier Foundation” section of the report, which highlighted only inadequate crawlspace ventilation as a deficiency, was not sufficient to put him on notice of the significant structural damages that were discovered after the Act of Sale. He further argued that Gurtler and Van Der Meulen performed a poor inspection and failed to identify, or report on, the structural damage in the building.
After reviewing the evidence presented in support of and in opposition to the motion for summary judgment filed by Gurtler and Van Der Meulen, we find that genuine issues of fact remain. Although the inspection report stated that the scope of the inspection was limited to the interior of the subject condominium only, the Building Inspection Contract between Batt and Gurtler stated, “We will inspect structure, roofing, interior & exterior conditions, plumbing, electrical, air & heat, appliances and insulation & ventilation.” We find that this discrepancy creates a genuine issue of fact regarding the scope of the inspection agreed to by the parties. Furthermore, we find that Van Der Meulen’s inspection report, which, among other things, notes inadequate crawlspace ventilation but also declares the property to be *1289 “in very good condition overall,” creates another question of fact as to whether Batt was put on sufficient notice that the property could have significant structural damage. Because we find that genuine issues of fact remain as to Gurtler | nand Van Der Meulen’s liability in this matter, we conclude that the trial court erred in granting summary judgment in their favor.
For the reasons stated above, we affirm the August 20, 2012 judgment granting summary judgment in favor of Cohen, and dismissing Batt’s action against Cohen with prejudice. We reverse the October 23, 2012 judgment granting summary judgment in favor of Gurtler and Van Der Meulen, and dismissing Batt’s action against those defendants with prejudice. We remand this matter for further proceedings.
JUDGMENT OF AUGUST 20, 2012 AFFIRMED; JUDGMENT OF OCTOBER 23, 2012 REVERSED; REMANDED.

. This case is distinguishable from Royal v. Cook, 2007-1465 (La.App. 4 Cir. 4/23/08), 984 So.2d 156, cited by Batt. In the Royal case, the record contained evidence that the seller knew of a rodent problem with the property at issue but did not disclose this problem to the buyer. In the instant case, the record contains no evidence that Cohen was aware of defects discovered by. Batt after the sale.