PER CURIAM.
hln this medical malpractice action after a five-day jury trial, the jury found plaintiffs failed to prove the applicable standard of care for informed consent. The Court of Appeal, Fifth Circuit, reversed, concluding the jury’s finding was clearly wrong and without any reasonable factual basis on the record because “sufficient evidence, particularly through the expert testimony of both sides and the" medical panel opinion, was presented to the jury to establish that the standard of care .. .• was informed consent.” Montz v. Williams, 15-221 (La.App. 5 Cir. 12/23/15), 182 So.3d 1149.
The burden in all medical malpractice cases falls on the plaintiff to establish by a preponderance of the evidence the degree of care ordinarily exercised by licensed physicians actively practicing in the particular specialty in a similar community under-similar circumstances.' La.Rev.Stat. § "9:2794. Whether the plaintiff has met his/her burden is a question of fact, the resolution of which is subject to manifest error review and should not be reversed unless no factual basis exists for the finding'and the record establishes the finding is clearly wrong. Stobart v. State, through DOTD, 617 So.2d 880, 882 (La.1998).
|aThe need for expert testimony has long been recognized to aid the factfinder in détermining the applicable standard of care for a particular specialty at a certain time and locale as well as under similar circumstances. Samaha v. Rau, 07-1726, pp. 5-6 (La.2/26/08), 977 So.2d 880, 884. However, expert witnesses often disagree on the applicable standard, and when two permissible views are presented to the jury, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Likewise, where the fact-finder’s determination is based on its decision to credit the testimony of one of two or more witnesses, its finding can virtually never be manifestly erroneous. Bellard v. American Cent. Ins. Co., 07-1335, p. 27 (La.4/18/08), 980 So.2d 654, 672.
Louisiana Uniform Consent Law, as well as our jurisprudence, requires informed consent for medical treatment. *1052 La.Rev.Stat. § 40:1157.1;[1] see also Hondroulis v. Schuhmacher, 553 So.2d 398, 401-02 (La.1988). It follows, therefore, plaintiffs in the present case bore the burden of proving not that informed consent was required, which was undisputed and explained in the jury charge, but what steps and information were required of the physician to obtain valid consent for the particular procedure at issue. Although the Court of Appeal found all the experts agreed informed consent was mandated, the issue of what requirements constituted the standard of informed consent under the circumstances presented was reasonably contested. Therefore, the jury could not have been manifestly erroneous in choosing to accept the testimony of defendant’s experts and finding, plaintiffs’ .failed to carry their burden of proof as to this issue.
| ,qAccordingly, for the foregoing reasons, the writ is granted. The judgment of the Court of Appeal is reverséd, and the judgment of the District Court is hereby reinstated.
JOHNSON, C.J., would grant and docket.
WEIMER, J., would grant and docket.
HUGHES, J., would grant and docket.

. Formerly La.Rev.Stat. § 40:1299.40, which was in effect at the time of plaintiff's injury, and La.Rev.Stat. § 40:1299.39.5, redesignated as La.Rev.Stat. § 40:1157.1 effective June 12, 2012.