# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-370


**STEPHENS TPS, INC., ET AL.**

**VERSUS**

**ROBERT LAPOINT**


**\*\*\*\*\*\*\*\*\*\***


APPLICATION FOR SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-0087
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CHARLES G. FITZGERALD
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Charles G. Fitzgerald, Judges.


**WRIT GRANTED IN PART AND MADE PEREMPTORY;
WRIT DENIED IN PART**

**Robert A. Dunkelman**
**Marshall Perkins**
**Pettiette, Armand, Dunkelman,**
**Woodley, Byrd & Cromwell, L.L.P.**
**400 Texas Street, Suite 400**
**Shreveport, Louisiana 71166**
**(318) 221-1800**
**Counsel for Defendants-in-Reconvention/Relators:**
     **Stephens TPS, Inc., and**
     **Commerce and Industry Insurance Company**

**Aaron Broussard**
**Steven Broussard**
**Broussard & Williamson**
**1301 Common Street**
**Lake Charles, Louisiana 70601**
**(337) 439-2450**
**Counsel for Plaintiffs-in-Reconvention/Respondents:**
     **Katelyn LaPoint, Ashlyn LaPoint, and Chelsea LaPoint**

**FITZGERALD, Judge.**

Relators, Stephens TPS Inc. (Stephens TPS) and Commerce and Industry Insurance Company (C&I), seek supervisory review of the trial court's November 16, 2021 partial summary judgment in favor of Respondent, Robert LaPoint (LaPoint). Relators also seek supervisory review of the trial court's February 27, 2020 preliminary injunction.[1]

This case involves a long-running dispute over a claim for reimbursement of workers' compensation benefits that were paid to LaPoint following a serious work-related accident. The litigation has been ongoing in Louisiana and Georgia for more than a decade.

LaPoint was injured in 2012 while on a work assignment in Georgia. LaPoint's employer, Stephens TPS, and its insurer, C&I, paid workers' compensation benefits to LaPoint in Georgia and thereafter under Louisiana law. After LaPoint filed a tort action in Georgia against several third-party defendants, Relators intervened in that suit seeking reimbursement for the workers' compensation benefits that they had paid to LaPoint.

In April 2015, LaPoint and the tortfeasor defendants reached a mediated settlement. However, because the amount due to Relators as workers' compensation intervenors remained unresolved, LaPoint and Relators agreed in a Settlement Memorandum that the contested funds would be kept in Nelson Tyrone's trust account pending adjudication of the issue. Nelson Tyrone was LaPoint's attorney in Georgia.

---

[1] This memorandum opinion is issued in compliance with Uniform Rules, Courts of Appeal, Rule 2-16.1(B). Also, LaPoint passed away on July 28, 2021. His three daughters have been substituted as Respondents in his stead. However, for consistency and ease of reference, we will continue to refer to LaPoint in the singular in this memorandum opinion.

According to LaPoint, at some point thereafter, the subject funds were moved to Louisiana so that Nelson Tyrone could close his file. LaPoint's Louisiana attorney, Aaron Broussard, transferred the funds to his law firm's bank account in Lake Charles.

Many years later, in November 2019, Relators' reimbursement claim against LaPoint was adjudicated by the Louisiana workers' compensation judge (WCJ). The judgment of the WCJ specifically states that Relators "are entitled to reimbursement from the amount currently held in the escrow account of Robert Lapoint's attorney, Aaron Broussard, in the amount of $570,941.00, representing workers' compensation lien reimbursement, plus legal interest from the date of Judgment until paid." In response, LaPoint filed a motion for devolutive appeal. *See LaPoint v. Commerce & Indus. Ins. Co.*, 20-388 (La.App. 3 Cir. 6/9/21), 323 So.3d 428, *rev'd*, 21-995 (La. 11/23/21), 328 So.3d 64.

Two months later, in January 2020, Relators filed the suit that is now before us on review. More particularly, Relators initiated an executory proceeding in the trial court below to enforce the judgment of the WCJ. The judgment was made executory on January 29, 2020, and a writ of fieri facias issued that same day.

However, on February 19, 2020, LaPoint filed an ex parte motion for a temporary restraining order to enjoin enforcement of the WCJ judgment. The trial court immediately issued the temporary restraining order. And one week later, the trial court granted a preliminary injunction to the same effect.

Next, on February 27, 2020, LaPoint reconvened in the executory proceeding, specifically seeking a declaratory judgment to enforce the April 2015 Settlement Memorandum. According to LaPoint, the funds being held in escrow must be moved back to Georgia in accordance with this agreement. The relevant portion of the Settlement Memorandum states as follows:

2

8. ESCROW: Plaintiff [LaPoint] to escrow in Plaintiff's counsel's Nelson Tyrone's trust account $863,695.00. Said funds to be held in trust until such time as Plaintiff has delivered to Defendants [Stephens TPS and C&I] written verification of the removal of the Workers Compensation lien as exhibited in the correspondence attached as exhibit B and Defendants have given written authorization to Plaintiff's counsel to release said funds.

Fifteen months later, on May 25, 2021, LaPoint filed a Motion for Summary Judgment to Enforce Settlement Agreement and for Declaratory Relief. The hearing on LaPoint's motion was held on October 19, 2021. The trial court granted the motion, and that ruling was reduced to written judgment signed on November 16, 2021. Relators now seek supervisory review of this judgment.[2]

In the writ application before us, Relators assert that the trial court legally erred in granting summary judgment. We agree.

In reviewing the trial court's decision on a motion for summary judgment, we apply the de novo standard of review using the same criteria applied by the trial court to determine whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Significantly, "the burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1).

Here, LaPoint, as the mover for summary judgment, had the burden of proving two things: first, that there was no genuine issue of material fact. And second, that he was entitled to judgment as a matter of law. In the end, LaPoint failed to prove

---

[2] The judgment at issue is a partial summary judgment. La.Code Civ.P. art. 966(E). As such, the judgment does not constitute a final judgment for purposes of an immediate appeal. La.Code Civ.P. art. 1915(B)(1). And this means that the application for supervisory writ is properly before this court.

3

either of these elements. But the most glaring deficiency is LaPoint's failure to prove that he was entitled to judgment as a matter of law. As noted above, the OWC judgment of November 26, 2019, specifically states that Relators "are entitled to reimbursement from the amount currently held in the escrow account of Robert Lapoint's attorney, Aaron Broussard, in the amount of $570,941.00, representing workers' compensation lien reimbursement, plus legal interest from the date of Judgment until paid." The OWC judgment is the law between the parties, and it is in direct conflict with the portion of the 2015 Settlement Memorandum that LaPoint seeks to enforce by declaratory judgment.

Based on our de novo review, we conclude that LaPoint never satisfied his burden of proof. The trial court therefore erred in granting summary judgment.

Relators also seek review of the preliminary injunction issued by the trial court on February 27, 2020. However, Relators previously filed a writ application seeking review of this preliminary injunction, and the application was properly denied as untimely in docket number 20-363. For this same reason, the writ application now before us is denied as it pertains to the preliminary injunction.

Our ruling does not mean that Relators are without a remedy. Relators can file a motion in the trial court to dissolve the preliminary injunction. La.Code Civ.P. art. 3607. And if either party objects to the trial court's ruling on the motion to dissolve, that party can seek review by this court by filing a timely appeal. La.Code Civ.P. art. 3612.

**DECREE**

For the above reasons, we grant in part and make peremptory the application for supervisory writ filed by Stephens TPS Inc. and Commerce & Industry Insurance

Company.  The November 16, 2021 judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings.

However, we deny in part the writ application to the extent that it seeks supervisory review of the preliminary injunction of February 27, 2020.

The costs of these proceedings are assessed as follows: one-half to Stephens TPS Inc. and Commerce & Industry Insurance Company; and one-half to Robert LaPoint's successors, Katelyn LaPoint, Ashlyn LaPoint, and Chelsea LaPoint, as proper party Respondents.

**WRIT GRANTED IN PART AND MADE PEREMPTORY**;
**WRIT DENIED IN PART.**