I ¡.CANNELLA, Judge.
Plaintiff, Tammie P. Walden, appeals from the trial court ruling granting summary judgment in favor of Defendant, Permanent General Assurance Corporation, on the question of Uninsured Motorist (UM) coverage. For the reasons which follow, we affirm
Plaintiff was involved in a motor vehicle accident on September 30, 1998. Her vehicle was struck from the rear by a vehicle operated by Frank Carona, who was insured by State Farm Mutual Automobile Insurance Company (State Farm). Plaintiff was insured by Defendant. After suit was filed on June 24, 1999, State Farm agreed to pay its policy limits to plaintiff. Plaintiff then filed a Supplemental and Amending Petition seeking UM benefits from Defendant. In response, Defendant filed for summary judgment because Plaintiff had executed a waiver of UM coverage. Plaintiff opposed the motion. Following a hearing, summary judgment in favor of Defendant was granted on March 23, 2000. Plaintiff appeals.
|oOn appeal Plaintiff argues that the trial court erred in finding a waiver by Plaintiff of UM coverage. More particularly, Plaintiff argues that the forms which she signed, rejecting UM coverage, should not be considered valid because they did not adequately inform her that if she did nothing she would be provided UM coverage in the same amount as her liability limits. Plaintiff argues that the implication of the forms was that she had to do an affirmative act in order to get UM coverage.
Defendant argues to the contrary, that the forms adequately apprized Plaintiff of her UM coverage options and that she made an informed selection in choosing to reject UM coverage.
*1019 The rejection by Plaintiff of UM coverage occurred on two separate documents, the application for insurance coverage and a specific UM coverage form. The application provided in pertinent part at the bottom:
UNINSURED/UNDERINSURED MOTORIST COVERAGE SELECTION/REJECTION
Louisiana law requires vehicle liability policies delivered in this state provide Uninsured /Underinsured Motorist Coverage in an amount equal to the Bodily Injury Limits of the policy unless the insured selects a lower limit or rejects the coverage entirely.
[ ] _ I accept UM/UMBI LIMITS at my policy Bodily Injury Limits [ ]_I REJECT UNINSURED MOTORIST COVERAGE [ ]_I hereby select lower UM/UMBI LIMITS of $_
The form indicates that Plaintiff placed her initials on the line for rejecting UM coverage. The word “reject” was circled. Also, there were lines right below the above application provisions where the Plaintiff and insurance agent had signed the form and dated it.
| /There was also a separate UM coverage form, on a separate piece of paper, which provided in pertinent part:
Louisiana law requires that no automobile liability policy shall be delivered or issued unless coverage is provided for bodily injury, sickness or disease, including death, caused by owner or operators of uninsured/underinsured motor vehicles. YOU ARE AUTOMATICALLY PROVIDED UNINSURED/UNDER-INSURED MOTORIST COVERAGE BY LAW IN AMOUNTS EQUAL TO THE BODILY INJURY LIMITS OF THE LIABILITY PORTION OF THE POLICY.[1]
Four different options were given and a third option was initialed by Plaintiff and the words “reject Uninsured” were circled.
The form was dated and signed by the Plaintiff.
The burden of proving a valid rejection of UM coverage lies with the party seeking to enforce rejection of UM liability. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). The court in Tugwell held that, although no particular form was required, the form used by the insurer must give the insured the opportunity to make a “meaningful selection” from his options provided by La. R.S. 22:1406(D), which governs the selection or rejection of UM coverage, (1) UM coverage equal to bodily injury limits in the policy; (2) Um coverage lower than bodily injury limits in the policy, or (3) rejection of UM coverage.
Based on the above, we find that these UM selection/rejection forms complied with the current law and jurisprudence. The form gave the Plaintiff a clear, meaningful choice between her three legal options, and no legal option was foreclosed.
| ^Plaintiff argues that she was not clearly informed that in the absence of any action she would receive UM coverage in the same amount as her bodily injury limits. Therefore, the rejection form should be held invalid. She relies on the case of Sutherland v. Babin, 98-923 (La.App. 5th Cir. 5/19/99), 735 So.2d 881 in support of her argument.
We find that the UM selection/rejection form in Sutherland was different from that used in this case. In Sutherland there was nothing in the form to indicate to the insured that the insurer must provide coverage equal to the bodily injury limit unless the insured specifically selects lower limits or rejects UM coverage. The forms in this case indicate otherwise.
The forms, in two separate places, informed Plaintiff that she was by law automatically provided UM coverage in an amount equal to the bodily injury limits of the policy. She was then given the option *1020 to “keep” that coverage, select lower limits or reject UM coverage. The forms were clear and outlined Plaintiffs option. Plaintiff clearly, in two separate places, opted to reject UM coverage.
We find no error in the trial court finding that Plaintiffs rejection of UM coverage was valid and granting the summary judgment in favor of Defendant on that basis.
Accordingly, the summary judgment granted in favor of Defendant is affirmed. Costs of appeal are assessed against Plaintiff.
AFFIRMED.
*1021 [[Image here]]

. See Appendix I for full text of the UM coverage form.