BRIAN BARBERA

VERSUS

ALEXANDER ANDRADE, STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY AND GEICO INDEMNITY
COMPANY

NO. 22-CA-147

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 790-543, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 30, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
**MEJ**
**RAC**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
BRIAN BARBERA
    John D. Sileo
    Casey W. Moll

COUNSEL FOR DEFENDANT/APPELLEE,
GOVERNMENT EMPLOYEES INSURANCE COMPANY
    Stephen D. Cronin

**JOHNSON, J.**

Appellant, Brian Barbera, appeals the 24th Judicial District Court's February 4, 2022 judgment granting GEICO Indemnity Company's ("GEICO") motion for summary judgment, denying his cross-motion for summary judgment, and dismissing his claims against GEICO with prejudice. In this matter, arising from a 2017 motor vehicle accident, the district court determined that the GEICO insurance policy in effect at the time of the accident did not provide UM coverage. For the following reasons, we affirm the district court's judgment.

### FACTS AND PROCEDURAL HISTORY

Mr. Barbera sustained "significant injuries and damages" as a result of a motor vehicle accident that occurred on December 23, 2017 in Port Allen, LA. He resolved his claims against the other driver and his insurer. Brian Barbera was listed as an additional insured/additional driver under a GEICO insurance policy issued to his father, Thomas Barbera, in 1991. He disputes the district court's finding that the GEICO insurance policy in effect at the time of the accident did not provide him with uninsured motorist bodily injury ("UMBI") coverage of $100,000/$300,000.

In 2001, Thomas Barbera signed an uninsured motorist (UM) rejection form declining UMBI coverage under the GEICO policy. GEICO's business records indicate that the insurer mailed Mr. Barbera's father a letter on November 24, 2014 that contained a new UM rejection form and requested that the form be returned within fifteen days. According to Mr. Barbera, GEICO has provided no proof that the UM rejection form sent in November 2014 was completed and returned to GEICO.

Mr. Barbera claims that, starting 15 days after November 24, 2014 to the present, "per Louisiana Statute, UM coverage was required to be automatically adjusted and read into the Barbera policy to provide UM coverage equal to the

liability limits of $100,000 per person, $300,000 per occurrence." Therefore, at the time of the accident, the UM coverage would be equal to $100,000/$300,000 liability limits. Further, Mr. Barbera alleges that, upon providing GEIGO with sufficient proof of loss due to his severe injuries, GEICO has failed to make him an unconditional tender.

Mr. Barbera and GEICO filed cross-motions for summary judgment. The district court heard the motions for summary judgment on January 24, 2022. At the end of the hearing, the district court found that Mr. Barbera did not have UM bodily injury coverage at the time of the accident. The court found that the declarations page for the period of coverage during the time period the accident occurred noted that UMBI coverage had been rejected by the insured and concluded that the family had notice that there was no coverage. The judge agreed with GEICO that the letter sent on November 24, 2014 was in reference to property damage, and thus observed that the family's failure to return the form enclosed with the letter resulted in them obtaining property damage coverage at the limits mandated by the state. The court found that the waiver of UMBI coverage in 2001 was for the duration of the policy. The court also found that GEICO acted in good faith. The district court granted GEICO's motion for summary judgment "based upon the totality of all the evidence presented in the circumstances, that there is no genuine issue of fact as it applies to the UM bodily injury [coverage.]"

## ASSIGNMENTS OF ERROR

Mr. Barbera alleges that the district court erred when it found that the GEICO insurance policy in effect at the time of the accident did not provide him with UM bodily injury coverage on the date of the subject motor vehicle accident. Further, he maintains that GEICO was arbitrary and capricious in failing to make an unconditional tender unto him, and therefore acted in bad faith. Thus, Mr. Barbera argues that the district court erred in granting GEICO's motion for

summary judgment, denying his cross-motion for summary judgment, and dismissing his claims against GEICO with prejudice.

Mr. Barbera avers that genuine issues of material fact remain and the burden of proof is on GEICO regarding Mr. Thomas Barbera's alleged rejection of UM coverage in 2014. He also states that because the UM rejection form sent in 2014 was not completed and returned to GEICO in the time frame specified by the company, the policy's UM limits automatically adjusted to match the minimum $100,000/$300,000 bodily injury liability coverage Louisiana requires.

Mr. Barbera finally alleges that the district court "assigned its own assumptions" not supported by evidence in the record as part of its judgment. He claims there was no evidence submitted by any party regarding the amount of premiums paid under the Barbera policy, or to support the district court's finding that the policy premium did not increase after December 9, 2017, the deadline given to opt out of the UM coverage according to the November 24, 2017 letter sent to Mr. Thomas Barbera. Mr. Barbera also takes exception to the court's statement that the fact his premium did not increase served to constructively notice Mr. Barbera that he did not have UM coverage, so he should have called GEICO to request coverage.

GEICO counters that the actual material facts of the case are that Thomas Barbera executed an Option Form rejecting UMBI coverage on December 5, 2001; the November 24, 2014 letter was directed to uninsured motorist/property damage (UMPD) coverage and not UMBI coverage; and the UMBI coverage selection under the Barbera policy has not lapsed or been adjusted since December 5, 2001. GEICO notes that no evidence was offered to prove that the Barberas received the November 24, 2017 letter, or an option form.[1] GEICO maintains that, because the

---

[1] GEICO states, "It is telling that Thomas and Carol Barbera did not sign an affidavit that attested to receipt of the purported Option Form in opposition to GEICO's Motion, or in support of the Plaintiffs (sic) Motion."

December 2001 Option Form "was/is presumed valid," the burden of proof shifts to Mr. Barbera to show the form was not valid or applicable. GEICO argues that Mr. Barbera "provided *no evidence* that a change in the GEICO policy had occurred between December 5, 2001 and the date of the accident that would have required the execution of a new option form under La. R.S. 22:1295." Finally, GEICO prays that if this Court finds that the district court committed error when it found UMBI coverage did not exist under the policy, the district court's judgment regarding "bad faith" on GEICO's part be affirmed, as "reasonable and legitimate issues of coverage" exist in this case. GEICO prays that the district court's judgment be affirmed and Mr. Barbera be cast with all costs related to the instant appeal.

*LAW AND DISCUSSION*

"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact." *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544, 546. Appellate courts review summary judgment *de novo* on appeal, using the same criteria that govern the district court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880, 882–83. Interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved by a motion for summary judgment. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945, 949. The burden of proving a valid rejection of UM coverage lies with the party seeking to enforce rejection of UM liability. *Walden v. Permanent Gen. Assur. Corp.*, 00-1033 (La. App. 5 Cir. 10/31/00), 774 So.2d 1018, 1019, *writ denied sub nom. Walden v. Permanent Gen. Assurance Corp.*, 00-3238 (La. 2/16/01), 786 So.2d 97.

Thomas Barbera executed a valid waiver of UMBI coverage in 2001. A review of the record supports the finding that the Barberas received a letter on November 24, 2014 that requested another coverage selection form (see below), which was enclosed along with a return envelope, to be returned to GEICO.

```
                         POL-NBR: 0614322709                    ACCT-DATE: 112514
November 24, 2014
THOMAS J BARBERA AND CAROL C
BARBERA
4645 CARTHAGE ST
METAIRIE  LA   70002-1468


Policy Number:  0614322709
Dear THOMAS and CAROL BARBERA:
Thank you for insuring with GEICO.

In order for your coverage to remain the same, please complete, sign and
return the enclosed option form within the next 15 days.

Your policy reflects your coverage as:
Bodily Injury: 100/300
Property Damage: 100M
Uninsured Motorist Bodily Injury: REJ
Uninsured Motorist Property Damage: REJ

Generally, your Uninsured Motorist Property Damage coverage should match your
Property Damage coverage. To update your policy or keep coverage the same
please submit the option form provided to ensure correct coverage.

We appreciate the opportunity to serve your insurance needs.


Sincerely,
Verne' Lynn
(800)841-3000
Underwriting Department
enclosures: M316LA - LA Information and Option Form, Return Envelope

RM

RM
```



PLAINTIFF'S EXHIBIT

000465

The Barberas did not execute the UM selection waiver form they received in 2014. This case turns on whether GEICO's 2014 unfulfilled request that a new UM

selection waiver form be executed and returned to the company led to the default selection, UMBI coverage at limits dictated by the State, being read into the Barbera policy, thereby negating Thomas Barbera's 2001 waiver of UMBI coverage, which was otherwise valid over the life of the Barbera policy.

"La. Acts 1999, No. 732, § 1 added the following sentence to La. R.S. 22:1406(D)(l)(a)(ii): 'Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms.' This language remained unchanged in La. R.S. 22:1295(1)(a)(ii), which was redesignated from La. R.S. 22:1406(D) by La. Acts 2003, No. 456 § 3." *Johnson v. Bass*, 21-139 (La. App. 1 Cir. 12/22/21), 340 So.3d 28, *writ denied,* 22-156 (La. 4/5/22), 335 So.3d 836 n.5.

If an insurer requires that the insured submits a new UM selection waiver form upon each policy renewal, then it is the insurer's responsibility to verify the submitted waiver form is properly executed, else UM coverage will be read into the policy. *See Baack v. McIntosh*, 20-1054 (La. 6/30/21), 333 So.3d 1206, 1213–14; *Francis v. Travelers Prop. Cas. Co. of Am.*, 22-124 (La. App. 3 Cir. 9/28/22). In the instant case, there was an existing policy with a valid UM selection form executed in 2001. The language of La. R.S. 22:1295(1)(a)(ii) explicitly provides the method to change an initial rejection of UM coverage "'by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance.'" *Baack*, 333 So.3d at 1213. Mr. Barbera admits that the family did not complete and return the waiver form GEICO sent in 2014. The November 24, 2014 letter that accompanied the form is ambiguous. The letter could be interpreted to mean that no response from the Barberas would lead to UM coverage being read into the policy by default. However, there was already a valid UM waiver selection form signed by Thomas Barbera that was part of the policy.

The 2001 waiver form and La. R.S. 22:1295(1)(a)(ii) patently state that an initial rejection of UM coverage can only be changed via the named insured's (or his legal representative's) *written* request.

Last, we note that the Louisiana supreme court "has long held that the intent of the parties does not control in this area of the law." *Gray v. Am. Nat. Prop. & Cas. Co.*, 2007-1670 (La. 2/26/08), 977 So.2d 839, 849. The competent evidence provided by Mr. Barbera proving that a few GEICO personnel also believed that his family's failure to respond to the request for a UM selection waiver form in 2014 would result in UM coverage becoming part of the policy is not dispositive of the issue of UM coverage. "The law imposes UM coverage in this state notwithstanding the language of the policy, the intentions of the parties, *or the presence or absence of a premium charge or payment*." *Gray v. Am. Nat. Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839, 849 citing *Roger v. Estate of Moulton*, 513 So.2d 1126, 1132 (La. 1987) (emphasis added). Because there was a valid UM waiver executed in 2001 that was part of the existing policy, and no event occurred that required the execution of a new UM selection waiver form, summary judgment was appropriate.

We find that GEICO met its burden in proving that there was a valid UMBI waiver for the Barbera Policy in effect at the time of Brian Barbera's December 23, 2017 accident. Accordingly, we find that GEICO had a reasonable basis to defend against the claim and acted on good faith reliance on its defense. *See*, La. R.S. 22:1973; *Baack*, 333 So.3d at 1217.

### DECREE

Considering the foregoing, the district court's judgment rendered January 24, 2022 and signed February 4, 2022 granting GEICO's motion for summary judgment, dismissing Mr. Barbera's claims with prejudice, and denying Mr.

Barbera's motion for summary judgment is affirmed. We order each party to bear its own costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-147**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
CASEY W. MOLL (APPELLANT)          STEPHEN D. CRONIN (APPELLEE)

**MAILED**
JOHN D. SILEO (APPELLANT)
ATTORNEY AT LAW
320 NORTH CARROLLTON AVENUE
SUITE 101
NEW ORLEANS, LA 70119